Paul A. McCULLOUGH, et al., Plaintiffs–Respondents,

v.

Ella Mae McCULLOUGH, et al., Defendants–Appellants.

No. 27116.

Missouri Court of Appeals, Southern District, Division Two.

May 12, 2006.

Rehearing Denied June 2, 2006.

Richard L. Anderson, Branson, for appellants.

Robert S. Wiley, Crane, George Scott, Mark Rundel, Galena, for Respondents.

PHILLIP R. GARRISON, Judge.

Defendants[1] appeal the trial court's judgment in favor of Plaintiffs[2] on their petition for partition of real estate. Because Defendants' brief fails to comply with the requirements of Rule 84.04,[3] we dismiss the appeal.

On January 28, 2000, Plaintiffs filed a petition in partition as tenants in common in and to property consisting of approximately 240 acres in Stone and Barry Counties. Defendant Ella Mae McCullough filed a counter-claim alleging ownership by grant from Olen C. "Tobe" McCullough whom she claimed had owned the property through adverse possession. After a bench trial, the trial court entered its judgment in favor of Plaintiffs. This appeal followed.

■ Defendants' brief violates several provisions of Rule 84.04. Failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of an appeal. *Anderson v. American Family Mut. Ins. Co.*, 173 S.W.3d 356, 357 (Mo.App. W.D.2005). First, we observe that Defendants' statement of facts violates Rule 84.04(c). That rule requires an appellant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The primary purpose of the statement of facts is to give an appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case. *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 264 (Mo.App. S.D.2004).

■ Defendants' statement of facts covers fifty-three pages and is far from concise. Approximately twenty-five pages are devoted to the complete recitation of letters between members of the McCullough family written between 1926 and 1973, and are not presented in chronological order. Most of the content of these letters discuss matters wholly irrelevant to the issues raised in this appeal. The next twenty-seven pages of Defendants' statement of facts contain a summarization of the complete testimony of various witnesses, "a practice that has been condemned as a failure to comply with the requirements of the rule." *Id.* Failure to comply with Rule 84.04(c) is a sufficient basis to dismiss an appeal. *Anderson,* 173 S.W.3d at 358.

■ Second, none of Defendants' four points comply with Rule 84.04(d)(1). That rule provides a virtual "roadmap" for the preparation of a point relied on in an appellate brief when the review is of the decision of a trial court. *Bowers,* 132 S.W.3d at 264. It specifies that the point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]." Rule 84.04(d)(1). Not one of Defendants' points

---

1. The Defendants in this action are: Ella Mae McCullough, Albert McCullough, Larry McCullough, Jeff McCullough, Michael McCullough, Gary McCullough, Kelly M. Stevens, Goldie M. Dodson, Janice L. Wentz, Judith S. Nance, Eugene P. Burtner, Phyllis Barron, Lonnie E. McCullough, and Pauline Roberts Pickett.

2. The Plaintiffs in this action are: Dayless McCullough, Paul A. McCullough, Claris D. King, Bonetta M. Brown, Rosetta Johnson, Edward D. Standlee, Peggy L. Pinkley, and Louetta Brown.

3. References to rules are to Missouri Rules of Civil Procedure (2005) unless otherwise indicated.

explain in a summary fashion why, in the context of the case, the legal reasons support the claim of reversible error as required by the rule. "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The enforcement of this rule ensures that the opposing party is given notice as to the precise matters that must be contended with and to inform the court of the issues presented for review. *In re Marriage of Weinshenker,* 177 S.W.3d 859, 863 (Mo.App. E.D.2005).

Third, Defendant's brief fails to comply with Rule 84.04(e) which requires that the argument portion of an appellant's brief "include a concise statement of the applicable standard of review." Additionally, "[a]n argument should show how the principles of law and the facts of the case interact." *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App. E.D.2004). The argument under Point III discusses several principles of law governing adverse possession but fails to explain how those principles interact with the facts of the present case. Similarly, the argument under Point IV sets out statutory provisions relating to the establishment of paternity, but no attempt is made at explaining why those provisions apply to the facts of this particular case.

Finally, Defendant's brief does not comply with Rule 84.04(i)'s requirement that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." The argument portion of Defendants' brief is void of any reference to the record on appeal.

We prefer to decide a case on the merits so we dismiss this appeal reluctantly. *State v. Massey,* 156 S.W.3d 789, 790 (Mo.App. W.D.2005). However, if we were to review Defendants' claims of error, we would be acting as an advocate, a role we will not assume. *Thummel,* 570 S.W.2d at 686. "An appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal." *Speer v. K And B Leather Co.,* 150 S.W.3d 387, 389 (Mo.App. S.D.2004).

Defendants' appeal is dismissed.

SHRUM, P.J., and BARNEY, J., concur.