Lloyd W. SELBERG, Appellant,

v.

Jennifer A. SELBERG, Respondent.

No. WD 66164.

Missouri Court of Appeals,
Western District.

Aug. 15, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 26, 2006.

Application for Transfer Denied
Oct. 13, 2006.

Lloyd W. Selberg, Pro, Clinton, for appellant.

Gary V. Cover, Clinton, and Dennis J. Campbell, Kansas City, for respondent.

PAUL M. SPINDEN, Judge.

Lloyd W. Selberg appeals the circuit court's judgment dissolving his marriage to Jennifer A. Selberg and ordering joint legal and physical custody by the couple of their two children. Because of the woeful inadequacies of Lloyd Selberg's brief and his failure to provide an adequate record for review, we dismiss his appeal.

Lloyd Selberg appears *pro se.* Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment. *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App.2000). Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo. App.1999). This is especially true when, as is the situation in this case, failure to comply with the rules significantly thwarts our discerning the nature of the issues raised on appeal.

Rule 81.12(a) mandates that "[t]he record on appeal ... contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." The rule further says, "The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form." Moreover, Rule 81.12(c) places the burden on the appellant to order and to pay for the transcript, and Rule 81.12(d) obligates the appellant to file the record on appeal with this court.

Selberg has not filed a transcript in this case, although his brief references testimony and facts allegedly given at hearings and at the trial. Without a transcript, we are not able to determine the accuracy of Selberg's averments concerning testimony and other evidence. Failure to comply with Rule 81.12, therefore, is a proper ground for dismissing an appeal. *Granada Board of Managers v. Coffer*, 73 S.W.3d 874, 876 (Mo.App.2002).

■ Moreover, Selberg's brief flagrantly and repeatedly violates Rule 84.04's requirements concerning the contents of briefs. Were we to attempt a review of his case, we would in effect become his advocate. We decline this role as improper. *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo.App.2001). The failure to substantially comply with Rule 84.04 preserves nothing for review. *Anderson v. American Family Mutual Insurance Company*, 173 S.W.3d 356, 357 (Mo.App.2005). We set out the more notable violations below.

■■ Selberg's statement of fact does not comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination without argument." His statement of facts does not provide a concise statement of all the facts necessary to resolve the issues he purportedly attempts to raise in his appeal, and the facts that he does report are stated in an argumentative nature. An appellant's failure to provide a fair and concise statement of facts is a sufficient basis to dismiss an appeal. *Missouri Highway and Transportation Commission v. Taylor*, 839 S.W.2d 676, 678 (Mo.App.1992).

■ Moreover, Rule 84.04(i) says, "All statement of fact and argument shall have specific page references to the legal file or the transcript." For a majority of the factual assertions, Selberg's statement of fact lack citation to the record. He cites documents included in his appendix, but does not cite to where those documents can be found in the record on appeal. And, as previously noted, he refers to matters allegedly presented at hearings and at trial, but he does not provide citations to the record where those matters can be found. "[T]his requirement is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party...." *Brown v. Shannahan*, 141 S.W.3d 77, 80 (Mo.App.2004).

■ Selberg's points relied on violate Rule 84.04(d)(1)'s requirement that they "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."[1] The points do not state why the legal reasons support his claims of reversible error. "'A point relied on written contrary to the mandatory requirements of Rule 84.04(d) ... preserves nothing for appellate review.'" *Foster v. Village of Browningon*, 140 S.W.3d 603, 608 (Mo. App.2004) (citation omitted).

■ Selberg's brief also violates Rule 84.04(d)(5), which requires that each point relied on be followed by "a list of cases,

---

**1.** Selberg's eighth point complains about an alleged error that occurred in a criminal parental kidnapping case involving the parties. Obviously, this point does not even concern issues involved in this appeal.

**516**

not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." "The requirements of Rule 84.04(d) are mandatory and must be strictly applied." *Martin v. Circuit Court of the City of St. Louis,* 580 S.W.2d 307, 308 (Mo.App.1978) (citation omitted). Selberg's points contain no list of authorities on which he relies.

Moreover, pursuant to Rule 84.04(e), the brief must also contain an argument section that discusses the point relied on. "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 218 (Mo.App.1999). An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). When "the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App.1999). Most of Selberg's eight points cite no relevant precedent or other authority.[2] When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned. *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo.App.2002).

Given Selberg's failure to substantially comply with Rule 84.04 and his failure to provide an adequate record for review, we dismiss his appeal. We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because we lack a transcript and because Selberg's brief is so flagrantly deficient that we are not able to conduct a review of his case without becoming an advocate for him.

HAROLD L. LOWENSTEIN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.

---

**2.** His brief cited to only two cases, and, although he does cite certain statutes and constitutional provisions in some of the points relied on, he fails to explain how they apply to the applicable facts. He merely makes conclusory and argumentative statements regarding the cited provisions.