William PATTIE, Claimant–Appellant,

v.

**FRENCH QUARTER RESORTS, Employer, and Division of Employment Security, Respondents.**

No. 27728.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 13, 2007.

William Pattie, acting pro se.

French Quarter Resorts, Respondent, acting pro se.

Larry Raymond Ruhmann, Jefferson City, MO for Respondent State of Missouri Division of Employment Security.

JEFFREY W. BATES, Chief Judge.

William Pattie (Pattie) appeals from a decision of the Labor and Industrial Relations Commission (the Commission) denying his claim for unemployment benefits pursuant to Missouri's Employment Security Law, §§ 288.010–.500.[1] The Commission decided Pattie was not entitled to such benefits because he left work voluntarily without good cause attributable to the work or his employer. Acting *pro se,* Pattie appealed from that decision. After Pattie filed his brief, the Division of Employment Security (the Division) moved to dismiss the appeal for noncompliance with Rule 84.04.

■ We possess the discretionary authority to dismiss an appeal when an appellant's brief fails to comply with Rule 84.04. *Cook v. State,* 193 S.W.3d 378, 383 (Mo.App.2006). Under such circumstances, we do not generally dismiss the appeal unless the briefing deficiencies impede disposition of the case on its merits. *Greenpoint Credit, L.L.C. v. Reynolds,* 151 S.W.3d 868, 872 (Mo.App.2004). That oc-

---

1. All references to statutes are to RSMo (2000). All references to Rules are to Missouri Court Rules (2006).

curs when a brief is so deficient that it fails to give the appellate court and the other parties notice as to the issues presented in the appeal. *Christeson v. State,* 131 S.W.3d 796, 799 n. 5 (Mo. banc 2004); *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo. banc 1997).

 Rule 84.04 lists the requirements which an appellant's brief must meet. These requirements are mandatory. *Coyne v. Coyne,* 17 S.W.3d 904, 906 (Mo. App.2000). Pattie's brief is deficient in the following respects.

First, there is no table of cases, statutes and other authorities cited. Rule 84.04(a)(1); *Chang v. Lundry,* 117 S.W.3d 161, 164 (Mo.App.2003).

 Second, the statement of facts does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Pattie's narration of the facts is argumentative, which is improper. *Rushing v. City of Springfield,* 180 S.W.3d 538, 540 (Mo.App.2006); *Selberg v. Selberg,* 201 S.W.3d 513, 515 (Mo. App.2006). There also are references to matters outside the record on appeal, which is improper. *See Swinney v. Cummings,* 581 S.W.2d 474, 475 (Mo.App.1979). Most importantly, there is not a single reference in the statement of facts to the legal file or transcript, as required by Rule 84.04(i). Compliance with this subpart of the rule "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party, a role which we expressly decline." *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App.2004); *see Selberg v. Selberg,* 201 S.W.3d 513, 515 (Mo.App.2006). These violations of Rule 84.04(c) and Rule 84.04(i)

alone warrant dismissal of this appeal. *In re H.B.,* 165 S.W.3d 578, 582 (Mo.App. 2005).

 Third, the Points Relied On in the brief are set out in three separate paragraphs. In these paragraphs, Pattie appears to be complaining that: (1) Pattie's employer did not protest the claim; (2) the employer declined to attend the appeals tribunal hearing; (3) as a result, Pattie was not allowed to question his employer; (4) the Commission should have heard additional, newly discovered evidence submitted by Pattie; and (5) a letter exhibit should have been accepted by the Commission because it was not available at the hearing before the appeals tribunal. This amalgamation of errors fails to clearly identify what rulings or actions Pattie seeks to challenge on appeal, as required by Rule 84.04(d)(1)(A). Two of the three paragraphs also lack an adequate statement of the legal reasons supporting Pattie's claims of reversible error. Rule 84.04(d)(1)(B). Therefore, these noncompliant points preserve nothing for appellate review. *Selberg,* 201 S.W.3d at 515. Compliance with the foregoing briefing requirements "is mandatory in order to ensure that the appellate court does not become an advocate for the appellant by speculating on facts and on arguments that have not been made." *BBCB, LLC v. City of Independence,* 201 S.W.3d 520, 530 (Mo. App.2006). This section of the brief also lacks the list of cases or other authorities upon which Pattie principally relies. Rule 84.04(d)(5). Pattie's failure to comply with these provisions of Rule 84.04(d) warrants dismissal of his appeal. *BBCB,* 201 S.W.3d at 530; *Anderson v. American Family Mut. Ins. Co.,* 173 S.W.3d 356, 358 (Mo.App.2005).

 Fourth, the argument in Pattie's brief utterly fails to comply with Rule

84.04(e). The points relied on are not restated at the beginning of this section of the brief as this subpart of the rule requires. No standard of review is included, which is another violation of Rule 84.04(e). *Bradley v. Capps,* 200 S.W.3d 545, 546 (Mo.App.2006). Pattie's legal argument consists of six sentences, two of which simply recite that his denial of unemployment benefits was upheld by the Appeals Tribunal and the Commission. Because the argument cites no authority and fails to explain how the stated legal principles and the facts of the case interact, Pattie's points relied on must be deemed abandoned. *Selberg,* 201 S.W.3d at 516; *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 164 (Mo.App.2002). Furthermore, the factual assertions in the argument are not supported by references to the record on appeal, as required by Rule 84.04(i). "References to the record on appeal in the argument portion of the brief provides us the tool with which to verify the accuracy of the factual assertions in the argument upon which a party relies to support its argument." *Shaw v. Raymond,* 196 S.W.3d 655, 659 n. 2 (Mo.App. 2006). When such references are lacking, we are effectively thrust into the role of being Pattie's advocate, which is a role we cannot assume. *See id.*

In the Division's motion to dismiss, it argues that the foregoing deficiencies are so substantial that meaningful review by this Court is impossible. After reviewing the brief, we are constrained to agree. *See* Rule 84.13(a) (allegations of error not properly briefed shall not be considered in any civil appeal). Therefore, we grant the Division's motion and dismiss Pattie's appeal.

While Pattie has the right to represent himself on appeal, "we must hold him to the same standards of practice and procedure that we would expect of an attorney in order to ensure fairness and impartiality." *State v. Douglas,* 132 S.W.3d 251, 256 (Mo.App.2004); *see Hicks v. Div. of Employment Security,* 41 S.W.3d 638, 640 (Mo.App.2001). As we recently explained in *Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43 (Mo.App.2006):

> We cannot and will not penalize Claimant for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend Claimant any assistance in prosecuting her appeal because she is not represented by counsel. This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the adversarial process which requires fair, impartial and disinterested decision makers. We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel.

*Id.* at 45 (footnotes omitted).

Appeal dismissed.

GARRISON and BARNEY, JJ. Concur.