STATE of Missouri, Respondent,

v.

Denny HARDIN, Appellant.

No. WD 67327.

Missouri Court of Appeals,
Western District.

June 5, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 31, 2007.

Application for Transfer Denied
Aug. 21, 2007.

Before VICTOR C. HOWARD, C.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Denny R. Hardin was found guilty by a jury on July 11, 2006, of the offense of Tampering with Judicial Proceeding, a class C felony. He appears to be appealing the sentencing judgment of the Jackson County Circuit Court. This judgment overruled Mr. Hardin's motion for judgment of acquittal, motion to set aside judgment, motion for a new trial, and revised motion for judgment of acquittal. Mr. Hardin presents six points on appeal. As his numerous violations of Rule 84.04 render his claims largely incomprehensible and would require this court to become his advocate if the merits were reached, his appeal is dismissed.

Rule 84.04 sets forth the requirements for appellate briefs. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 147 (Mo.App. W.D.2007). Mr. Hardin's brief fails to comply with Rule 84.04 in several respects.

First, Mr. Hardin's statement of facts is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument" as required by Rule 84.04(c). "The primary purpose of the statement of facts is to give an appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." *McCullough v. McCullough*, 195 S.W.3d 440, 442 (Mo.App. S.D.2006). Mr. Hardin's narration of facts is improperly argumentative. *See Pattie v. French Quarter Resorts*, 213 S.W.3d 237, 239 (Mo.App. S.D.2007). Further, the narration improperly references matters outside the record on appeal. *See Id.* In addition, the narration is not easily comprehended and does not impart an understanding of the relevant facts.

Second, Mr. Hardin's jurisdictional statement does not "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereupon jurisdiction is sought to be predicated" in violation of Rule 84.04(b). "Bare recitals that jurisdiction is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements." Rule 84.04(b). Mr. Hardin's jurisdiction statement is such a bare recital.

Third, Mr. Hardin's points relied on fail to comply with Rule 84.04(d). Points relied on must "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1); *Selberg v. Selberg*, 201 S.W.3d 513, 515 (Mo. App. W.D.2006). Rule 84.04(d)(1) "provides a virtual 'roadmap' for the preparation of a point relied on in an appellate brief when the review is of the decision of a trial court." *McCullough*, 195 S.W.3d at 442. It specifies that the point shall be in substantially the following form: "The trial court erred in [*identify the challenged rul-*

*ing or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]." Rule 84.04(d)(1). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Compliance with … briefing requirements is mandatory in order to ensure that the appellate court does not become an advocate for the appellant by speculating on facts and on arguments that have not been made." *Pattie,* 213 S.W.3d at 239 (internal quotation marks and citation omitted).

Mr. Hardin presents the following six points on appeal:

## POINT ONE

THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES SECURES THE RIGHT OF THE ACCUSED TO HAVE COMPULSORY PROCESS FOR OBTAINIG [sic] WITNESSES IN HIS FAVOR. JUDGES OF THE JACKSON COUNTY CIRCUIT COURT QUASHED SUBPOENAS LAWFULLY ISSUED THREE TIMES, THUS GIVING RAISE [sic] TO THE "LEGAL QUESTION", "DOES A DEFENDANT HAVE THE "RIGHT" TO SUBPOENA WITNESSES FOR THE DEFENSE OF A FELONY CHARGE?"

## POINT TWO

THE FIRST AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES SECURES THE RIGHT OF FREEDOM OF SPEECH. THE STATE OF MISSOURI HAS CONVERTED THIS "CONSTITUTIONAL RIGHT" INTO A CRIME AND ES-TABLISHED THIS CAUSE OF ACTION THUS GIVING RAISE [sic] TO THE "LEGAL QUESTION", "DOES A JUDGE HAVE THE AUTHORITY TO DENY A DEFENDANT HIS "CONSTITUTIONAL RIGHTS" IN A CRIMINAL PROSECUTION OF A FELONY CHARGE?"

## POINT THREE

ARTICLE VI, CLAUSE 3 OF THE CONSTITUTION OF THE UNITED STATES REQUIRES ALL JUDGES STATE AND FEDERAL TO BE BOUND BY OATH TO SUPPORT THE CONSTITUTION AND LAWS OF THE UNITED STATES. NINETEEN JUDGES OF JACKSON COUNTY, MISSOURI WERE SUBPOENAED "DUCES TECUM" WITH THEIR OATHS, ALL FAILED TO PRODUCE THIS REQUIRED OATH, THUS GIVING RIASE [sic] TO THE "LEGAL QUESTION", "IS AN ATTORNEY ALLOWED TO IMPERSONATE A JUDGE AND ACT IN A PUBLIC OFFICE WITHOUT AN OATH OF OFFICE REQUIRED BY LAW?"

## POINT FOUR

ARTICLE III OF THE CONSTITUTION OF THE UNITED STATES ESTABLISHES THE ONE SUPREME COURT AND ALL INFERIOR COURTS INTO THE JUDICIAL SYSTEM OF THE UNITED STATES. IN THE COURSE OF THIS CAUSE JUDGE JOHN M. TORRENCE REFERRED TO HIS COURT AS A "CORPORATE COURT" THUS GIVING RIASE [sic] TO THE "LEGAL QUESTION", "IS CORPORATE STATE OF MISSOURI RACKETEERING BY OPERATING CORPORATE

COURTS IN A CRIMINAL CONSPIRACY AGAINST THE CONSTITUTION AND LAWS OF THE UNITED STATES AND THE CONSTITUTION OF MISSOURI?"

## POINT FIVE

THE FOURTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES SECURES THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS AGAINST UNLAWFUL SEIZURE. BECAUSE NO LAWFUL WARRANT OR LAWFUL INDICTMENT IS PRESENT IN THIS CAUSE OF ACTION, AS REQUIRED BY LAW, THE CONDUCT OF THE JACKSON COUNTY CIRCUIT COURT GIVES RAISE [sic] TO THE "LEGAL QUESTION", "HAS Denny R. Hardin BEEN UNLAWFULLY ARRESTED, UNLAWFULLY INDICTED, UNLAWFULLY INCARCERATED, UNLAWFULLY PROSECUTED AND UNLAWFULLY SUBJECTED TO LEGAL PROCESS, UNDER THE COLOR OF LAW, WITHOUT AUTHORITY OF LAW?"

## POINT SIX

ARTICLE IV, SECTION 2 OF THE CONSTITUTION OF THE UNITED STATES SECURES THE RIGHT OF THE PEOPLE TO PRIVILEGES AND IMMUNITIES OF THE LAW. EVEN THE FOURTEENTH AMENDMENT SECURES DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW TO ALL CITIZENS OF THE UNITED STATES. BECAUSE THE LAW HAS BEEN REPEATEDLY PRESENTED AND IGNORED BY ALL MEMBERS OF THE JACKSON COUNTY CIRCUIT COURTS, THE CONDUCT OF THESE JUDGES GIVES RAISE [sic] TO THE "LEGAL QUESTION", "HAS [sic] JUDGES OF THE JACKSON COUNTY CIRCUIT COURT COMMITTED "PLAIN ERRORS" AFFECTING SUBSTANTIAL RIGHTS THAT ENTITLES Denny R. Hardin TO HAVE HIS LIFE, LIBERTY AND FREEDOM RESTORED?"

None of the points asserted follow the roadmap set forth in Rule 84.04(d)(1). They fail to identify the challenged trial court ruling or action. They also fail to state why, in the context of the case, the legal reasons support the claim of error. Mr. Hardin's points do not readily convey his arguments on appeal. Rule 84.04(d)(4) states that "[a]bstract statements of law, standing alone, do not comply with this rule." At best, Mr. Hardin's points asserted are abstract statements of law. Mr. Hardin's second point also violates Rule 84.04(d)(5), which requires that each point relied on be followed by "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." More than four cases are listed after his second point.

■ Fourth, Mr. Hardin's argument sections fail to comply with Rule 84.04(e). " 'An argument should show how the principles of law and the facts of the case interact.' " *Selberg*, 201 S.W.3d at 516 (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App. S.D.1999)). Mr. Hardin's argument is not readily understood. It appears to go beyond the scope of errors included in the points relied on. Further, he fails to "include a concise statement of the applicable standard of review for each claim of error." Rule 84.04(e); *see, e.g., Pattie*, 213 S.W.3d at 240. He attempts to set forth a standard of review for each point, but the standard is not understood or recognized by this

court and is not supported by citation to any legal authority.

Fifth, Mr. Hardin's brief fails to comply with Rule 84.04(h). His appendix does not have a separate table of contents. Neither are the pages in the appendix "numbered consecutively beginning with page A–1."

Sixth, Mr. Hardin fails to provide page references to the legal file or transcript for statements of fact and argument as required by Rule 84.04(i). "References to the record on appeal in the argument portion of the brief provides [reviewing authority] the tool with which to verify the accuracy of the factual assertions in the argument upon which a party relies to support its argument." *Pattie*, 213 S.W.3d at 240 (internal quotation marks and citation omitted). "Compliance with this subpart of the rule is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record." *Id.* at 239 (internal quotation marks and citation omitted). Reviewing authority may not become an advocate for the non-complying party on appeal. *Id.* While some statements in the fact and argument sections are supported by citation to the record on appeal, the vast majority are not. They are asserted without any indication of where reviewing authority may look to ascertain their accuracy.

Mr. Hardin appears *pro se.* Although reviewing authority is "mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure," it "must require *pro se* appellants to comply with these rules." *Brown*, 211 S.W.3d at 146. Reviewing authority "must not grant a *pro se* appellant preferential treatment." *Id.* While Mr. Hardin has the right to represent himself on appeal, he must be held to the same standards of practice and procedure expected of an attorney. *Pattie*, 213 S.W.3d at 240.

This ensures fairness and impartiality. *Id.* As recently explained in *Bishop v. Metro Restoration Services, Inc.*, 209 S.W.3d 43 (Mo.App. S.D.2006):

> We cannot and will not penalize Claimant for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend Claimant any assistance in prosecuting her appeal because she is not represented by counsel. This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the adversarial process which requires fair, impartial and disinterested decision makers. We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel.

*Id.* at 45 (footnotes omitted).

The numerous violations of Rule 84.04 discussed above result in this court being unsure of what precisely Mr. Hardin is contending on appeal. "Failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of an appeal." *McCullough*, 195 S.W.3d at 442. "This is especially true when, as is the situation in this case, [reviewing authority] cannot competently rule on the merits of his argument without first reconstructing the facts that gave rise to the ... court's finding and then refining and supplementing his points and legal argument." *Brown*, 211 S.W.3d at 147 (internal quotation marks and citation omitted). Accordingly, Mr. Hardin's appeal is dismissed.

All concur.