Gerald D POWELL, Plaintiff,

v.

Valeria Jo POWELL, Appellant,

Roger V Baker, Respondent,

Missouri Department of Social Services, Defendant.

No. WD 68134.

Missouri Court of Appeals, Western District.

April 29, 2008.

Gerald D. Powell, pro se.

Valeria Jo Powell, Independence, MO, Appellant Pro–Se.

Roger Baker, Bates City, MO, Respondent Pro–Se.

Linda Manlove–Braxton, Kansas City, MO, for Defendant.

Before PAUL M. SPINDEN, Presiding Judge, JAMES M. SMART, JR., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Valeria Jo Powell brings a *pro se* appeal from a judgment setting aside a judgment of paternity against Roger V. Baker due to violation of due process rights and extrinsic fraud. For the following reasons, we dismiss the appeal.

Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of

procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment. Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. This is especially true when, as is the situation in this case, failure to comply with the rules significantly thwarts our discerning the nature of the issues raised on appeal.

*Selberg v. Selberg,* 201 S.W.3d 513, 514 (Mo.App. W.D.2006) (internal citations omitted).

■ Rule 81.12(a) "requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision." *Bastain v. Brown,* 28 S.W.3d 494, 495 (Mo.App. E.D.2000). Appellant "has not filed a transcript in this case, although [her] brief references testimony and facts allegedly given at hearings and at the trial. Without a transcript, we are unable to determine the accuracy of [Appellant's] averments concerning testimony and other evidence." *Selberg,* 201 S.W.3d at 515. Indeed, we cannot even tell if some of the alleged facts were even presented at trial or are outside the record. As a result, "review by this court is impossible, and the claim of error must be dismissed." *Huber ex rel. Boothe v. Huber,* 204 S.W.3d 364, 368 (Mo.App. W.D. 2006).

Furthermore, Appellant's brief fails to comply with Rule 84.04 in several respects. Appellant does not set forth a "fair and concise statement of the facts relevant to the questions presented for determination." *See Rule 84.04(c).* Her statement of facts is argumentative and contains very few citations to the record, *see Rule 84.04(i),* and the citations she does make are to the court's judgments, which reflect the court's credibility determinations. Her sole point relied on fails to identify why the legal reasons on which she relies support a claim of reversible error in the context of this case. *See Rule 84.04(d).* She also fails to cite any authority for any of her arguments. *See Rule 84.04(e).*

■ "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 147 (Mo.App. W.D. 2007) (internal quotation omitted).

> Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal. This is especially true when, as is the situation in this case, we cannot competently rule on the merits of [the appellant's] argument without first reconstructing the facts that gave rise to the circuit court's finding and then refining and supplementing [her] points and legal argument.

*Id.* at 146–47 (internal citation, quotation, and brackets omitted).

Accordingly, for the foregoing reasons, the appeal must be dismissed. "We do so reluctantly, preferring instead to decide cases on the merits, but we feel compelled to dismiss because we lack a transcript and because [Appellant's] brief is so flagrantly deficient that we are not able to conduct a review of [her] case without becoming an advocate for [her]." *Selberg,* 201 S.W.3d at 516.

All concur.