Karen Lynn SAPP, Appellant,

v.

MISSOURI DEPARTMENT OF REVENUE, Respondent.

No. WD 71564.

Missouri Court of Appeals,
Western District.

June 15, 2010.

Karen Lynn Sapp, Appellant pro-se.

Jonathan H. Hale, for Respondent.

Before Division Two: JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Karen Lynn Sapp appeals from a judgment entered in the Circuit Court of Callaway County upholding the suspension of her driver's license by the Director of Revenue. For the following reasons, the appeal must be dismissed.

On February 7, 2009, at 1:12 a.m., a Missouri Highway Patrol trooper stopped Sapp after she failed to stop at a stop sign. After observing several indicia of intoxication, the trooper asked Sapp to perform multiple field sobriety tests, which she failed. After a preliminary breath test was positive, the trooper placed her under arrest and took her to the Fulton Police Department where a breathalyzer test showed that her blood alcohol content was .133%.

The Director subsequently suspended Sapp's driver's license. After that decision was upheld in an administrative hearing,

Sapp filed a *pro se* petition for trial *de novo* in the circuit court. After hearing the case, the circuit court entered its judgment finding that Sapp's testimony was not credible and that she had indeed been arrested upon probable cause that she had been operating a motor vehicle while intoxicated. Accordingly, the court upheld the Director's decision to suspend her license.

In her sole point on appeal, again acting *pro se*, Sapp contends that the circuit court's judgment was not supported by substantial evidence. In bringing this claim, Sapp has affirmatively chosen not to file a transcript of the proceedings before the circuit court in the record on appeal.[1]

"Rule 81.12(a) requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision." *Powell v. Powell,* 250 S.W.3d 831, 832 (Mo.App. W.D.2008) (internal quotation omitted). Without a transcript of the proceedings before the circuit court, this court has no way to know what testimony and evidence were before the court and, therefore, cannot review the sufficiency of the evidence to support the judgment. *Id.* "As a result, review by this court is impossible, and the claim of error must be dismissed." *Id.* (internal quotation omitted). We do so reluctantly, as we prefer to decide cases on the merits, but we are compelled to dismiss because, without a copy of the transcript in the record on appeal, we are left with no way to review her claims.

The appeal is dismissed.

All concur.

---

1. Despite a courtesy letter from the Department of Revenue calling Sapp's attention to Rule 81.12's requirement that the record on appeal include the transcript, Sapp stated in a subsequent letter sent to the Department of Revenue and this Court that she would be proceeding with a legal file containing only the legal file and exhibits and would not be filing a transcript.