Lori Lynn LEMONS, Respondent,

v.

Gregory Allen LEMONS, Appellant.

No. WD 71044.

Missouri Court of Appeals,
Western District.

Aug. 17, 2010.

Lori Lynn Lemons, Independence, MO, Respondent, pro se.

Gregory Allen Lemons, Farmington, MO, Appellant, pro se.

Before Division I: JAMES M. SMART, JR., Presiding Judge, and MARK D. PFEIFFER and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Judge.

Gregory Allen Lemons ("Husband"), self-represented, appeals the judgment [1] of the Buchanan County Circuit Court ("trial court") dissolving his marriage to Lori Lynn Williamson ("Wife") and apportioning the property and debt of the marriage. Husband raises three points on appeal, all of which present issues of claimed error that cannot be reviewed without a record of all of the evidence that was before the trial court at the time judgment was entered. Husband has failed to file the transcript of the trial below. As such, we dismiss Husband's appeal for failure to file an adequate record on appeal.

## Facts and Procedural History

Viewed in the light most favorable to the judgment, *Ludwig v. Ludwig,* 126 S.W.3d 466, 474 (Mo.App. W.D.2004), the facts are as follows: [2] Husband and Wife married on January 7, 1999, in Las Vegas, Nevada. On July 17, 2007, Husband was arrested for violation of his probation and was subsequently sentenced to incarceration at the Farmington Correctional Center in Farmington, Missouri. At all times relevant to the present case, Husband was incarcerated at the Farmington Correctional Center.

On August 11, 2008, Wife filed her "Petition for Dissolution of Marriage" in the Circuit Court of Andrew County. Husband was personally served on August 28,

---

1. Husband did not timely file a responsive pleading, and the judgment refers to the fact that Husband was in default. Husband did file an untimely responsive pleading without seeking leave of court to do so. Ordinarily, a default judgment is not appealable in the absence of a motion to set aside or vacate pursuant to Rule 74.05(d). *Vonsmith v. Vonsmith,* 666 S.W.2d 424, 424 (Mo. banc 1984). Because the record is somewhat unclear as to whether the trial court permitted or consid-

ered Husband's untimely filed responsive pleading, we exercise our discretion to review the trial court's judgment based upon the evidence that was presented to the trial court at the hearing of December 11, 2008.

2. The facts available on the record for this case are extremely scant. Husband's statement of facts was minimal, and Wife did not submit a brief.

2008, and timely moved for a change of venue. On October 29, 2008, venue was transferred to Buchanan County, in accordance with section 452.300.[3] Husband filed an untimely responsive pleading with the trial court on December 1, 2008. After due notice to Husband, the trial court held an evidentiary hearing regarding this dissolution proceeding on December 11, 2008. Husband did not appear either in person or by counsel. Wife appeared in person and by counsel and presented evidence to support her petition for dissolution. The trial court entered its judgment dissolving the marriage and dividing the marital property and debts on March 3, 2009. This timely appeal follows.

## Legal Analysis

■ In his three points on appeal, Husband contests the findings and division of the assets by the trial court. However, for us to review the judgment of the trial court, we must be provided with an adequate record on appeal detailing the evidence that was before the trial court. *Powell v. Powell*, 250 S.W.3d 831, 832 (Mo.App. W.D.2008). In the current case, we cannot review the appeal on its merits because Husband failed to make the transcript of the hearing available for our review. As a result of that omission, we do not know what evidence was admitted by the trial court or what testimony was presented by Wife or any witnesses that may have been called by Wife. Without this information, we cannot examine the judgment of the trial court to see if the judgment lacked substantial evidence to support it, was against the weight of the evidence, or based upon the facts of the case, it erroneously declared or applied the law. *Saxton v. Saxton*, 220 S.W.3d 869, 872 (Mo.App. W.D.2007).

■ It was Husband's duty as the appellant to provide a transcript. *Powell*, 250 S.W.3d at 832 ("Rule 81.12(a) 'requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision.'") (quoting *Bastain v. Brown*, 28 S.W.3d 494, 495 (Mo.App. E.D. 2000)). When the appellant asks us to review a proceeding, but fails to include a record of that proceeding, there is "'nothing for an appellate court to decide.'" *Milone v. Duncan*, 245 S.W.3d 297, 301 (Mo. App. W.D.2008) (quoting *Cooper v. Gen. Standard, Inc.*, 674 S.W.2d 117, 122 (Mo. App. W.D.1984)); *Huber ex rel. Boothe v. Huber*, 204 S.W.3d 364, 368 (Mo.App. W.D. 2006) ("Where, as here, the record does not contain all information and documents necessary for this Court to determine an issue presented on appeal, review by this court is impossible, and the claim of error must be dismissed."). In the present case, each of Husband's points on appeal is predicated on the argument that the trial court improperly weighed, or ignored, evidence available to the trial court in arriving at its judgment. As a result, each of Husband's claims of error cannot survive the failure to properly provide this court with a complete record on appeal that details all the evidence before the trial court.

■ Although we are aware of the difficulties that a self-represented party faces when attempting to comply with the rules of appellate procedure, we must require such compliance, even if it means dismissing the appeal. *Selberg v. Selberg*, 201 S.W.3d 513, 514 (Mo.App. W.D.2006). Failure to do so would provide self-represented parties with preferential treatment. *Id.* Consequently, we conclude that because Husband failed to provide an ade-

---

**3.** All statutory references are to RSMo 2000 unless otherwise indicated.

quate record on appeal with a transcript, we are obliged to dismiss his appeal. It is so ordered.

JAMES M. SMART, JR., Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.