

# Missouri Court of Appeals

## Southern District

### In Division

SPENSER A. FARR,                      )
                                      )
    Appellant,    )    No. SD37645
                                      )
v.                                    )    **Filed:  April 24, 2023**
                                      )
STATE OF MISSOURI,                    )
                                      )
    Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Judge

**DISMISSED**

Spenser A. Farr ("Farr") appeals the denial of his Rule 29.15 motion for post-conviction relief, following an evidentiary hearing.[1]  Because Farr's brief fails to comply with the mandatory and straightforward rules governing appellate briefing, this Court dismisses the appeal.

### Background

Farr was convicted after a jury trial of three counts of first-degree statutory sodomy perpetrated against two different children.  Farr appealed his convictions in ***State v. Farr***, 611 S.W.3d 878 (Mo. App. S.D. 2020).[2]  After we issued our mandate in his direct appeal, Farr

---

[1] All Rule references are to Missouri Court Rules (2022).

[2] In that appeal, this Court entered a mandate affirming two counts and reversing and remanding one count.  ***Id.*** at 885.  We found the trial court erred in failing to submit instructions for an included offense as to each count but that Farr was not prejudiced as to two of those convictions.  ***Id.*** at 884-85.  Those two convictions are the subject of this post-conviction motion.

timely filed a *pro se* motion for post-conviction relief and an amended motion.[3]  In his amended motion, Farr alleged 12 claims of ineffective assistance of counsel.  The motion court held an evidentiary hearing and both sides presented evidence.  The motion court denied Farr's post-conviction motion and issued findings of fact and conclusions of law on each of Farr's claims.  Farr appeals from that judgment in three points.

## Briefing Deficiencies

We are unable to reach the merits of Farr's claims because his brief fails to comply with Rule 84.04's requirements.  Rule 84.04 establishes mandatory briefing rules.  **Storey v. State**, 175 S.W.3d 116, 126 (Mo. banc 2005).  "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made."  **State v. Hardin**, 229 S.W.3d 211, 212 (Mo. App. W.D. 2007) (quoting **Brown v. Ameristar Casino Kansas City, Inc.**, 211 S.W.3d 145, 147 (Mo. App. W.D. 2007)).

Farr's brief violates Rule 84.04 in at least three respects.  First, Farr's brief fails to contain a fair and concise statement of the facts relevant to his points relied on.  Second, the points relied on are multifarious.  Third, Farr fails to include an argument that explains how the legal principles interact with the facts of his case.  While any one of these briefing deficiencies alone would be sufficient to dismiss Farr's appeal, dismissal is especially warranted in a case like this where the combined effect of the deficiencies renders Farr's claims inscrutable.  While we have discretion to review a noncompliant brief *ex gratia* where the argument is readily understandable, this is not such a case.[4]  To render Farr's argument comprehensible would require us to advocate on Farr's behalf by scouring the record and constructing an argument

---

[3] We have independently verified the timeliness of Farr's motions.  *See* **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015); **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012).
[4] Each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable.  **Scott v. King**, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).  It is not.  **Id.**

Farr has failed to set forth himself. "This is not an appropriate function for an appellate court and is something we cannot and will not do." **State v. Thomas**, 590 S.W.3d 441, 446 (Mo. App. S.D. 2019) (quoting **State v. Massa**, 410 S.W.3d 645, 657 (Mo. App. S.D. 2013)).

*Incomplete Statement of Facts*

One of Rule 84.04's requirements is that the brief shall contain "a fair and concise statement of the facts *relevant to the questions presented* for determination without argument[.]" Rule 84.04(c) (emphasis added). The purpose of this requirement "is to give an appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." **Hardin**, 229 S.W.3d at 212 (quoting **McCullough v. McCullough**, 195 S.W.3d 440, 442 (Mo. App. S.D. 2006)). Farr's brief falls far short of this requirement. Farr's statement of facts is set forth below:

## STATEMENT OF THE CASE AND THE FACTS

The appellant, Mr. Farr, was employed by the City of Rolla as a lifeguard in and around 2012. He also gave swim lessons to children at the pool during pool public hours with other people present. In February of 2018, two alleged victims came forward claiming they were molested during those swim lessons. In the Spring of 2019, Mr. Farr went to trial on those charges.

On April 22, 2019, Appellant appeared for a jury trial in Case No. 18PH-CR00912. On April 24, 2019, Appellant was found guilty of three counts of statutory sodomy in the 1st degree, violation of Section 566.062, RSMo. On June 17, 2019, Movant was sentenced to a total 15 years in prison. Movant appealed. On December 23, 2020, the Southern District Court of Appeals entered its mandate affirming two counts while reversing and remanding one count. On March 24, 2021, Movant filed his Form 40 in this case. (D2 p. 1) On June 18, 2021, Counsel for Movant filed their Amended Motion. (D4 p.1) On November 23, 2021, movant appeared in person and through counsel, Christopher Corbitt and David Hogue. The State appeared by Phelps County Prosecuting Attorney, Brendon Fox. Evidence was presented. Movant was permitted to keep the evidence open pending additional filings. On April 18, 2022, parties appeared by counsel and announced that evidence is closed. The Court took judicial notice of the underlying criminal file, Phelps County case number 18PH-CR00912 including transcripts of the plea and sentencing hearings. The Court takes judicial notice of the entire file in this PCR case, including pleadings. The Court heard testimony and viewed exhibits.

While concise, Farr's statement of facts is wholly bereft of the facts relevant to his claims of ineffective assistance of counsel. At a minimum, his statement of facts should have contained

3

a summary of the testimony and evidence presented at the evidentiary hearing relevant to his

claims in this appeal.  However, he did not include such facts.  By omitting the relevant facts,

Farr has failed to provide us with an immediate, accurate, complete and unbiased

understanding of the facts of the case.  "This violation alone constitutes grounds for dismissal of

an appeal." ***Low v. State Dept. of Corr.***, 164 S.W.3d 566, 569 (Mo. App. S.D. 2005).

*Multifarious Points*

Farr's points relied on 1 and 2 violate Rule 84.04(d) by grouping together multiple,

distinct issues into a single claim of error.  Farr's point 1 and point 2 allege:

POINT RELIED ON

I.

The lower court erred in denying Mr. Farr's amended motion by ignoring the
following facts that defense Counsel Paulus provided ineffective counsel to Mr.
Farr in violation of his rights under the Sixth and Fourteenth Amendments to the
United States Constitution and Article I, Sections 10 and 18(a) of the Missouri
Constitution by failing to perform the following duties:

10.(a). failed to enlist or use any experts at trial to offer evidence regarding
victims memory bias because the events took place in 2012 and the trial took
place in 2019;
10.(b). failed to acquire and seek out other minors at the time of alleged
occurrence, in order to demonstrate that the Mr. Farr had not molested other
children;
10.(c). failed to investigate and illuminate Mr. Farr's "Role of Authority["] after
the alleged incidents took place;
10.(d) failed to find at least one of one hundred and twenty-six (126) potential
witnesses for the defense; and
10.(e). failed to object to inaccuracies in the presentencing report.

Mr. Farr was thereby prejudiced, because if his trial attorney had properly
investigated the case and put on the appropriate witnesses there is a reasonable
likelihood the outcome of his case would have been different.

. . . .

POINTS RELIED ON

II.

The lower court erred in denying Mr. Farr's amended motion by ignoring the
fact that defense Counsel Paulus employed an unreasonable trial strategy due to a
lack of investigation that resulted in ineffective counsel to Mr. Farr in violation of
his rights under the Sixth and Fourteenth Amendments to the United States

4

Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution by failing to perform the following duties:

> 10.(f). failed to object to so many inappropriate questions by the prosecutor that Judge Beger called him to the bench to question why he was not objecting;
> 10.(g) and (j). failed to object to the consolidation of both cases into one trial.
> 10.(h). failed to use cross examination to adequately illuminate discrepancies in the testimony of State's witnesses;
> 10.(k). and (l) failed to adequately investigate and find witnesses who would have testified that Mr. Farr was not employed at the pool during the dates of the alleged events occurring in 2012.
> 10.(i). failed to obtain a statement from Jennifer Godwin (alleged victim's sibling) which would have been exculpatory;

At the post-conviction relief hearing, it was determined that Christie Leslie had committed suicide (D20, p.1) and she was unavailable to testify, but she was alive at the time of the trial and her testimony would have so weakened the prosecution case that there is a reasonable likelihood the outcome of his case would have been different.

Furthermore, it was determined that Jennifer Godwin should have been called and she was the only other person at the Recreation Center, where the alleged incidents happened, and she was not called to testify. (Tr. 20-21).

Rule 84.04(d) requires a point relied on to: (1) identify the challenged ruling, (2) "concisely state the legal reasons" for the challenge, and (3) "explain in summary fashion why, in the context of [the] case, those legal reasons support" the challenge. *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017) (quoting *Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978)). "A point relied on violates Rule 84.04(d) when it groups together multiple, independent claims rather than a single claim of error, and a multifarious point is subject to dismissal." *Id.* "Separate issues should be stated in separate points relied on." *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 61 (Mo. App. S.D. 2021) (quoting *Wheeler v. McDonnell Douglas Corp.*, 999 S.W.2d 279, 283 n.2 (Mo. App. E.D. 1999)). "This is so because 'separate and distinct inquiries . . . require discrete legal analyses.'" *Id.* (quoting *Lollar v. Lollar*, 609

5

S.W.3d 41, 45 n.4 (Mo. banc 2020)).  Multifarious points relied on violate Rule 84.04(d) and preserve nothing for review.[5]  *Kirk*, 520 S.W.3d at 450 n.3.

Points 1 and 2 are particularly egregious since each point groups together at least five distinct claims.  Each of these distinct claims would require a separate and distinct analysis, requiring Farr to show how trial counsel's performance in each instance fell below an objective standard of reasonableness and how he was thereby prejudiced.  By grouping together multiple, independent claims into a single claim of error, Farr's points preserve nothing for review.

*Failure to Advise Court of How the Facts of the Case and Principles of Law Interact*

Finally, Farr's arguments contravene Rule 84.04(e).  "Under Rule 84.04(e), a brief must include an argument section that discusses the points relied on." *Guglielmino v. Jackson Cnty.*, 609 S.W.3d 852, 856 (Mo. App. W.D. 2020) (quoting *Holding v. Kansas City Area Transp. Auth.*, 584 S.W.3d 358, 361 (Mo. App. W.D. 2019)).  "[T]o develop a point relied on, the argument section of an appellate brief should show how the principles of law and the facts interact." *Id.* (quoting *Campbell v. Woodland Lakes Trusteeship, Inc.*, 591 S.W.3d 511, 513 (Mo. App. E.D. 2019)).

Under his argument for point 1, Farr cites the applicable standard of review and the two-prong *Strickland* test for ineffective assistance of counsel.[6]  He then includes an excerpt from the transcript where Farr testified there were 126 people who were employees of the City of Rolla and that, to Farr's knowledge, none of them were called to testify.  He then argues:

> Not only, did defense counsel not call any of the 126 potential witnesses, [defense counsel] failed to hire [an] expert witness on memory bias and amplification and a psychologist to testify that Mr. Farr did not bear the characteristics of a sexual deviant.  (Tr. 32-33).
> Based on the above argument, this court should remand this case so a new trial can be conducted.

---

[5] "Rather than gratuitously excusing violations of this Court's briefing rules, this Court should consistently enforce its rules as written and decline to review points relied on that violate briefing rules." *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, C.J., dissenting).

[6] *Strickland v. Washington*, 466 U.S. 668 (1984).

Nowhere does Farr refer us to trial counsel's testimony regarding trial counsel's strategy in failing to call the 126 witnesses or expert witnesses (which is necessary evidence for us to determine if trial counsel's strategy was reasonable), let alone what the 126 witnesses or expert witnesses would have testified to at trial. Nor is it clear why any of this testimony would have provided Farr with a viable defense.

Farr's argument under point 2 follows a similar format of standard of review + *Strickland* test + transcript excerpts + conclusory statements. This time, he inserts an excerpt from the transcript where, at the evidentiary hearing, trial counsel was asked what is the difference "between timidity with regard to cross-examination and 'strategery' with regard to cross-examination?" Trial counsel answered "[t]here wasn't timidity. We went after them pretty hard to the point where, you know, you're gonna alienate the jury if you keep going down that road, especially with Smith." Farr then argues:

> Defense Counsel characterized not calling the sibling of the alleged victim, a trial strategy decision. (Tr. 20). Accordingly, the reason she was not called by the defense was that he thought that the prosecution was going to call her as a witness, but they did not. (Tr. 20). Not only was Ms. Godwin, not called as a witness, no other lifeguards were called to testify. (Tr. 21).

Immediately following that "argument," Farr transitions to a new paragraph claiming he was prejudiced by trial counsel's failure to call Ms. Godwin, the alleged sibling introduced to us in Farr's point relied on. He then cites to Farr's testimony about what Farr believed Ms. Godwin could have testified to:

> She could have testified to the hearsay that her parents presented and that she supposedly thought she'd been left at the Rec Centre because it took so long for me and the victim to leave the locker room, something both parents seemed to fail to remember, and yet she was not here to testify to prove it.[7]

Farr then argues: "[b]ased on the arguments above, this court should remand this case for a new trial based on ineffective counsel."

---

[7] The excerpt indicates Farr didn't recall Ms. Godwin giving a deposition but that he raised the issue with his trial attorney.

The problem with this argument is that Farr included no "arguments" in his brief which provided a cogent analysis explaining how trial counsel's performance fell below an objective standard of reasonableness or explaining how Farr was prejudiced. Given the few facts we have, it is impossible to determine why Ms. Godwin's testimony or the lifeguard testimony would matter at all. But even if we could piece together the factual background of Farr's claim by scouring the record, which we will not do, Farr makes no attempt to connect the facts to the law. There are no citations to any authority explaining when a failure to call a particular witness is not a reasonable trial strategy or why, in this particular situation, such a decision was unreasonable.[8] There are only transcript excerpts and conclusions. Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review. *Guglielmino*, 609 S.W.3d at 856.

*No Prejudice Alleged in Point 3*

Farr's point 3 suffers from a different defect than points 1 and 2. This point alleges:

POINTS RELIED ON

III.

The lower court erred in denying Mr. Farr's amended motion by ignoring the fact that pursuant to the Mo. Sup. Ct. R. 29.15(g), requires that any response to the motion by the prosecutor shall be filed within 30 days after the date an amended motion or statement in lieu of an amended motion is required to be file. There is no case law interpretating [sic] the paragraph pasted below:
"Any response to the motion by the prosecutor shall be filed within 30 days after the date an amended motion or statement in lieu of an amended motion is required to be filed." *See Mo. Sup. Ct. R. 29.15(g)*
No response was filed by the prosecutor. *See* Legal File. An evidentiary hearing was held and proposed findings of facts were submitted by both defense and prosecution. (D21 and D22).

---

[8] Farr included one sentence in his argument about failing to hire a memory expert or a psychologist. But Farr included no facts indicating that there was a memory expert or psychologist that would actually offer evidence in his favor.

8

Nowhere in Farr's point does he allege prejudicial error.  Failure to claim prejudicial error in the point relied on preserves nothing for review.  ***State v. Koenig***, 115 S.W.3d 408, 415 (Mo. App. S.D. 2003).

We are compelled to point out that Farr either overlooks or ignores Missouri case law recognizing a motion for post-conviction relief is not a petition to which an answer is required under Rule 55.01.  ***Pettry v. State***, 345 S.W.3d 335, 339 (Mo. App. E.D. 2011).  The prosecutor was not required to file a response, and Farr did not demonstrate any prejudice was caused by the State's failure to file a response.

### Conclusion

Because Farr's brief violates Rule 84.04's mandatory requirements, we dismiss his appeal.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS