**STATE of Missouri, Respondent,**

v.

**Alice Jean LOGAN, Appellant.**

**No. ED 78109.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 2001.

Alice Jean Logan, St. Charles, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin Zoellner, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

DRAPER, Judge.

Alice J. Logan (hereinafter, "Appellant") appeals from the trial court's judgment convicting her of perjury. The trial court suspended the execution of sentence and placed Appellant on five years probation. The State filed a motion to dismiss the

appeal that was taken with the case. This motion is granted; we dismiss.

Appellant's trial attorney filed the original notice of appeal as well as a request for a trial transcript on May 24, 2000, prior to his withdrawal. The request to perfect her appeal *in forma pauperis* was denied on May 25, 2000. Thereafter, Appellant entered a pro se appearance, and requested a trial transcript on June 3, 2000. On October 12, 2000, she filed a letter with this Court stating: "Since justice is for sale and I cannot afford the transcript, been refused the transcript by the trial court and this court, this APPEAL will be perfected without a transcript." [1]

Pursuant to Rule 81.12, the record on appeal must contain a copy of the trial transcript and a legal file. The appellant has the duty to order the transcript and compile the record on appeal. Rule 81.12(c). Pro se litigants must meet the same standards as attorneys including compliance with the rules of procedure. *Snelling v. Southwestern Bell Telephone Co.*, 996 S.W.2d 601, 604 (Mo.App. E.D. 1999). Failure to comply with the rules of procedure is grounds for dismissal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D.1999). For this Court to make a determination of the issues raised, a trial transcript must be submitted as part of the record on appeal, and where such information is not included, there is nothing for this Court to review because it is unable to determine whether the trial court erred. *Arnold v. State*, 789 S.W.2d 525, 526 (Mo.App. E.D.1990).

Appellant did not file a transcript as part of her record on appeal. Appellant had the duty to file the necessary records with this Court for appellate review and did not comply with the rules. Hence, we cannot review the issues presented in her brief for error. We dismiss.

GARY M. GAERTNER, Sr., P.J., and CRAHAN, J., concur.

---

1. Appellant did not file a motion with this Court requesting a copy of the transcript, nor did she file a writ of mandamus with this Court to compel the trial court to fulfill her request.