STATE of Missouri, Respondent,

v.

**Christopher PROSSER, Appellant.**

No. ED 85096.

Missouri Court of Appeals, Eastern District, Division Two.

March 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 2005.

Application for Transfer Denied May 31, 2005.

Christopher Prosser, N.E.C.C., Bowling, pro se.

Deborah Daniels, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

Christopher Prosser ("Defendant") appeals the judgment of the Circuit Court of St. Louis County denying his motion to correct a written sentence *nunc pro tunc.* In his sole point on appeal, Defendant contends that the circuit court clerk improperly amended the trial judge's oral sentence pronouncement when the clerk issued a written sentence and judgment stating that Defendant was sentenced as a prior and persistent offender even though the judge did not orally pronounce the sentence enhancement at Defendant's sentencing hearing.

■ The rules of appellate procedure require the preparation and presentation of a legal file and transcript so that the record before the court contains everything the court needs to determine the questions presented. *Granada Board of Managers v. Coffer,* 73 S.W.3d 874, 876 (Mo.App. E.D.2002). Pursuant to Rule 81.12(c), it is the appellant's duty to order the transcript and compile the record on appeal. *State v. Logan,* 46 S.W.3d 590, 591 (Mo.App. E.D.2001). Defendant, a *pro se* appellant, failed to file a transcript on appeal. It is well-settled that *pro se* appellants are held to the same standards as attorneys and must comply with Supreme Court Rules, including Rule 81.12, which sets out the necessary contents of a record on appeal. *Id.* In light of Defendant's failure to comply with Rule 81.12, it impossible for us to review, analyze and decide the issues raised in his appeal. More specifically, without the transcript, we are unable to verify the contents of the trial judge's oral pronouncement and, in turn, cannot determine if there is, in fact, a deviation between the oral and written sentence and judgment.[1] Accordingly, we dismiss.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., Concur.

---

1. We do not, however, intend to imply that even if the transcript of the sentence hearing establishes that the judge did not pronounce that Defendant was a prior and persistent offender, the trial court erred in denying Defendant's motion to correct the sentence *nunc pro tunc.* The State alleges, and Defendant does not disagree, that the trial judge made a finding on the record prior to the sentencing hearing that Defendant was a prior and persistent offender. "The purpose of a *nunc pro tunc* amendment is to make the record conform to what was actually done where there is a basis in the record for amendment."

*Around the World Importing, Inc. v. Mercantile Trust Company*, 795 S.W.2d 85, 88 (Mo.App. E.D.1990). Accordingly, if the trial record

supports a finding that Defendant is a prior and persistent offender, there is no basis to correct the sentence *nunc pro tunc*.