**STATE of Missouri, Respondent,**

v.

**Neal David RICKER, Appellant.**

**No. WD 74846.**

Missouri Court of Appeals,
Western District.

Feb. 26, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 2013.

---

Jessica P. Meredith, for Respondent.

Neal David Ricker, pro se.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Neal David Ricker appeals *pro se* from a judgment entered by the Circuit Court of Buchanan County denying his motion to correct, *nunc pro tunc,* the written sentence and judgment entered with respect to his 1994 convictions for assault in the first degree and armed criminal action. Appellant avers that the written sentence and judgment regarding his 1994 convictions contains a clerical error with respect to his status as a persistent offender. For the following reasons, the appeal is dismissed.

In 1994, Appellant was found guilty of first-degree assault and armed criminal action for shooting his girlfriend.[1] The trial court sentenced Appellant as a prior and persistent offender to two twenty-five year terms of imprisonment to be served consecutively. The trial court's written sentence and judgment provides that the trial court found "beyond a reasonable doubt that [Appellant] is a persistent offender under section 558.019 and is subject to a minimum term of imprisonment under that section."

On March 23, 2011, Appellant filed his Motion to Correct the Written Sentence

---

1. In 1994, the jury found Appellant guilty of two counts of first-degree assault and two counts of armed criminal action. On direct appeal, Appellant asserted that the trial court erred in failing to dismiss two of the four counts with which he was charged. *State v. Ricker,* 936 S.W.2d 167, 168 (Mo.App. W.D. 1996). We vacated Appellant's sentences and convictions with respect to one of the counts of first-degree assault and one of the counts of armed criminal action upon finding that the information charging Appellant with such offenses was defective. *Id.* at 171. We affirmed Appellant's remaining two convictions and sentences. *Id.* at 173.

and Judgment Papers Nunc Pro Tunc. In his motion, Appellant alleged that the court clerk made a clerical error in reducing the trial court's oral sentence into a written sentence and judgment because the clerk mistakenly entered § 558.019 as the basis for the trial court's finding that he was a persistent offender instead of § 558.016. Appellant asserted that the State never charged him as a persistent offender pursuant to § 558.019 nor proved he was a persistent offender pursuant to § 558.019 at trial. Appellant further contended that the clerical error has severely prejudiced him in that, by being sentenced as a persistent offender pursuant to § 558.019, he is required to serve a mandatory minimum of sixty percent[2] of his sentence prior to being eligible for parole.

On February 8, 2012, the trial court entered its Corrected Judgment and Order in which it denied Appellant's motion to correct the written sentence and judgment.[3] In doing so, the trial court determined that the record did not support a finding that Appellant was entitled to relief pursuant to a *nunc pro tunc* order. More specifically, the trial court found that the record reflected that Appellant was charged by felony information as a prior and persistent offender; that the trial judge made an express finding following the presentation of evidence, outside the hearing of the jury, that Appellant was a prior and persistent offender; and that the trial judge made an express written finding that Appellant was a prior and persistent offender. Appellant timely filed this appeal.

■ In his sole point, Appellant asserts that the trial court erred in denying his motion to correct the written sentence and judgment because the written judgment erroneously states that he was sentenced as a persistent offender pursuant to § 558.019. Appellant contends that he was charged as a persistent offender pursuant to § 558.016, not § 558.019. Appellant further avers that the trial court never found him to be a persistent offender pursuant to § 558.019 nor did it orally pronounce him to be a persistent offender pursuant to § 558.019 when sentencing him in open court.

■ We recognize that "[a]s a general rule, if there is a material discrepancy between the oral pronouncement of the trial court's judgment and sentence and the written entry of judgment, the oral pronouncement controls" and such clerical discrepancies can be remedied by a *nunc pro tunc* order pursuant to Rule 29.12. *State v. Johnson*, 220 S.W.3d 377, 384, 385 (Mo.App. E.D.2007). However, in the present case, we cannot properly review the issue of whether a clerical error was made in memorializing Appellant's sentence due to Appellant's failure to comply with the appellate rules of procedure.

■ Rule 81.12 requires the record on appeal to "contain all of the record[s], proceedings and evidence necessary to the determination of all questions . . . presented, by either appellant or respondent, to the appellate court for decision." Accordingly, "[p]ursuant to Rule 81.12(c), it is the appellant's duty to order the transcript and compile the record on appeal." *State*

2. In his motion, Appellant states that he would be required to serve a mandatory minimum of sixty percent of his sentence prior to being eligible for parole under § 558.019. Now on appeal, Appellant maintains that § 558.019 would require him to serve eighty percent of his sentence.

3. The trial court originally entered its judgment on January 9, 2012. That judgment contained clerical errors that were corrected by the February 8, 2012 Corrected Order and Judgment. Those errors are not at issue on appeal.

*v. Prosser*, 161 S.W.3d 848, 849 (Mo.App. E.D.2005).

In the present case, Appellant failed to file a transcript from his 1994 trial or a transcript of his subsequent sentencing hearing. Without such transcripts, we cannot determine whether the trial court made any findings with respect to Appellant being a persistent offender pursuant to § 558.019; nor are we able to verify whether the trial court's written sentence and judgment deviates from its oral pronouncement of Appellant's sentence. *See id.* Thus, it follows that Appellant has failed to provide us with all the information necessary to determine the issue he raises on appeal.

Although Appellant appeals *pro se*, we must hold him to the same standards to which we hold licensed attorneys; therefore, he must comply with all Supreme Court Rules, including Rule 81.12. *Id.* Accordingly, we cannot excuse Appellant's failure to file all transcripts necessary to determine the issue he raises on appeal and must dismiss this appeal.

The appeal is dismissed.

All concur.