

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD82658 |
| | ) | |
| ANTHONY L. McKNIGHT, | ) | FILED: December 14, 2021 |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable Charles H. McKenzie, Judge**

**Before Division One: W. Douglas Thomson, P.J.,**
**and Alok Ahuja and Karen King Mitchell, JJ.**

Following a jury trial in the Circuit Court of Jackson County, Anthony McKnight was convicted of one count of the class E felony of resisting a lawful stop. Before submission of the case to the jury, the circuit court found McKnight to be a prior and persistent offender, which had the effect of enhancing the applicable range of punishment. The court sentenced McKnight to four years' imprisonment. It suspended execution of the sentence, and placed McKnight on a two-year term of probation.

McKnight appeals. On appeal, he contends that the State failed to prove his status as a prior and persistent offender beyond a reasonable doubt. McKnight failed, however, to provide this Court with the exhibits on which the State relied to establish his recidivist status – even after we specifically requested that he supply those exhibits. Given the material deficiencies in the record on appeal, we are unable to address the merits of McKnight's claim that the State's evidence was

insufficient to prove that he was a prior and persistent offender. We accordingly dismiss the appeal.

## Background

On December 15, 2017, McKnight was charged with the class E felony of resisting a lawful stop under § 575.150, RSMo. On January 21, 2019, the State filed a First Amended Information in Lieu of Indictment, which specifically alleged that McKnight was a prior and persistent offender under § 558.016, RSMo.

At a pretrial conference on January 22, 2019, the State submitted Exhibits 10 and 11 to establish McKnight's prior felony convictions. Based on references in the transcript of the pretrial conference, Exhibit 10 was submitted to prove that McKnight pled guilty to the felony of driving while intoxicated in Greene County on November 30, 2012. The circuit court described Exhibit 10 as "a certified page . . . It's a docket sheet, sentence and judgment sheet. I think it referenced the defendant was then sentenced to a term of incarceration under Section 559.115, commonly called the 120 day callback provision. Plea agreement pleading to that effect." The circuit court found on the record that Exhibit 10 demonstrated that McKnight was represented by counsel at the time of his plea.

The State submitted Exhibit 11 to demonstrate that on March 2, 2001, McKnight pled guilty to three felonies: two counts of assault in the second degree, and one count of resisting or interfering with arrest. The first assault offense apparently occurred on September 12, 2000, while the second assault, and the resisting arrest offense, apparently occurred on November 16, 2000. The circuit court stated on the record that Exhibit 11 contained a "certified copy of the docket sheet from that case, the judgment, the sentence, and then another document, the sentence and judgment. There is a document called a plea agreement pleading. And then following that is the information, the felony information for those charges as well as a felony complaint." The circuit court determined that the evidence

2

provided in Exhibit 11 reflected that McKnight was represented by an attorney at the time that he pleaded guilty.

Based on Exhibits 10 and 11, the circuit court found "beyond a reasonable doubt that the defendant is a prior offender and a persistent offender under Section 558.016 and 557.036."

A jury later found McKnight guilty of resisting a lawful stop. The circuit court sentenced him to a four-year term of imprisonment, but suspended execution of the sentence and placed McKnight on a two-year term of supervised probation. The circuit court also ordered that McKnight serve twenty days of "shock" incarceration time before commencing his probationary term.

McKnight appeals.

**Discussion**

On appeal, McKnight asserts a single Point Relied On, in which he contends that the State did not provide sufficient evidence in Exhibits 10 and 11 to establish that he is a prior and persistent offender. Although McKnight's argument is not entirely clear, McKnight appears to argue that the State failed to prove that his previous felony convictions arose from events occurring on different dates, and that (at least with respect to the convictions reflected in Exhibit 11) the State failed to prove that McKnight was either represented by counsel, or waived his right to counsel.

In the transcript of the pretrial hearing, the circuit court stated that Exhibits 10 and 11 included the information McKnight now contends was missing. Although McKnight argues that the circuit court's findings are erroneous, he has not provided this Court with State's Exhibits 10 and 11, which would be necessary to resolve the issue.

Missouri's rules of appellate procedure are explicit that,

3

[i]f original exhibits are necessary to the determination of any point relied on, they shall be deposited in the appellate court by the appellant. If a party other than appellant has custody of exhibits, appellant may request that party to either deposit the exhibits with the appellate court or deliver them to appellant for deposit with the court.

Rule 81.16(a).

It is the appellant's duty to provide the court "with all the information necessary to determine the issue he raises on appeal." *State v. Ricker*, 400 S.W.3d 11, 14 (Mo. App. W.D. 2013). We cannot review a challenge to a circuit court's findings or rulings without a record of the evidence and testimony on which the circuit court relied. "It is fundamental that on appeal the trial court's action is presumed to be correct, and the burden is on the appellant to establish that the action was erroneous . . . [I]t is appellant's obligation to prepare and file a [record] that incorporates the proceedings showing that the trial court erred." *State v. Cella*, 32 S.W.3d 114, 117 (Mo. 2000) (citations omitted).

This Court is generally reluctant to decline appellate review based on procedural deficiencies. "'It is always our preference to resolve an appeal on the merits of the case'" where possible. *State v. Cox*, 563 S.W.3d 801, 806 (Mo. App. W.D. 2018) (citation omitted). However, in this case, State's Exhibits 10 and 11 are central to McKnight's appeal. Without access to those exhibits, we could not conclude that the circuit court mischaracterized their contents, and that the State had failed to meet its burden of establishing McKnight's status as a prior and persistent offender.

Any reluctance we may have had to dismiss McKnight's appeal is extinguished by the fact that this Court sent a letter to McKnight's counsel on October 20, 2021, explicitly requesting that McKnight submit State's Exhibits 10 and 11. (Under this Court's Rule 4, those exhibits were due when McKnight's opening Brief was filed on May 18, 2021.) This Court's letter stated:

4

The above-referenced case has been docketed to be submitted on the briefs on November 19, 2021. It has come to the Court's attention that Appellant and Respondent both reference "Exhibit 10" and "Exhibit 11" in their respective briefs. It appears from the transcript that these exhibits were admitted by the circuit court on January 22, 2019, at a pretrial conference, in reference to Appellant's status as a prior and persistent offender. Although the parties reference these exhibits, it does not appear that they have been filed with this Court as original exhibits or otherwise. The Court requests that Appellant file Exhibit 10 and Exhibit 11 with this Court by October 27, 2021.

Despite our letter requesting that Exhibits 10 and 11 be submitted on or before October 27, 2021, the exhibits were never submitted, and as of the date of this opinion, McKnight's counsel has not communicated with the Court concerning our request for Exhibits 10 and 11.

We are deeply troubled by counsel's failure to respond in any fashion to this Court's October 20, 2021, letter. Our letter gratuitously gave McKnight's counsel a chance to correct – more than five months out of time – what is otherwise a fatal deficiency in his appeal. Yet despite our invitation to supplement the record, counsel did not do so, and failed to communicate with the Court in any way (such as to explain why the exhibits were not forthcoming or to request additional time to submit them). It is not too much for this Court to expect that counsel will respond in a timely fashion to our inquiries, and we are disappointed that counsel has failed to do so in this case, resulting in their client's forfeiture of his right to appellate review.

Without the relevant exhibits, this Court cannot review the merits of McKnight's arguments, and we have no option but to dismiss his appeal.

Alok Ahuja, Judge

All concur.

5