STATE of Missouri, Respondent,

v.

Shiriki W. UNGANISHA, Appellant.

No. WD 68227.

Missouri Court of Appeals,
Western District.

May 20, 2008.

Shiriki W. Unganisha, Kansas City, MO, appellant acting pro se.

Hugh C. Jenkins, Butler, MO, and Scott D. Wright, co-counsel, Raymore, MO, for respondent.

Before PAUL M. SPINDEN, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Presiding Judge.

■ Shiriki W. Unganisha, pro se, appeals the circuit court's judgment, after a bench trial, finding her guilty of the class C misdemeanor of exceeding the posted speed limit. Unganisha contends that the circuit court erred in: (1) denying Unganisha a hearing on her pre-trial motions, (2) denying Unganisha time for discovery, (3) allowing the State to call an undisclosed witness at trial, and (4) denying Unganisha a jury trial. The State of Missouri filed a motion to dismiss. We dismiss the appeal for lack of an adequate record.

In its motion to dismiss, the State asserts that Unganisha's appeal must be dismissed for failing to file a transcript of the trial proceedings and failing to comply with Rule 84.04. We agree.

■ The rule governing the record submitted on appeal requires the appellant to prepare a legal file and submit a transcript so that the record contains everything necessary for the reviewing court to determine the questions presented; without the required record, the reviewing court has nothing to review. *Krastanoff v. Williams*, 231 S.W.3d 205, 206 (Mo.App. 2007); Rule 81.12(a).

■ Unganisha appears pro se. "Although we are mindful of the difficulties that a party appearing pro se encounters in complying with the rules of procedure, we must require pro se appellants to comply with these rules. We must not grant a pro se appellant preferential treatment." *Selberg v. Selberg*, 201 S.W.3d 513, 514 (Mo.App.2006).

Here, Unganisha has not provided us with a transcript of the trial proceedings. Without a transcript, we are unable to determine the accuracy of Unganisha's averments concerning testimony and other evidence. *Id.* at 515. All four of Unganisha's points on appeal require our review of the trial transcript to determine what evidence was presented and what proceedings occurred, which led to the circuit court's judgment. Without the transcript of the trial, we have no record to review as to how any of Unganisha's motions were addressed or disposed. We have nothing to review regarding discovery timelines. We have nothing to review regarding the State's witness at trial and whether or not any objection was made at the time of trial. And we have nothing to review regarding any request or denial of a jury trial. Finally, without a trial transcript, we have no basis upon which to determine whether any purported trial error prejudiced Unganisha.

Where the appellant fails to provide this Court with a record containing everything necessary to determine all questions presented, we must dismiss the appeal. *Krastanoff*, 231 S.W.3d at 207. Due to our determination that we must dismiss this appeal for lack of an adequate record, we

do not review whether Unganisha's amended brief[1] complies with Rule 84.04.

The appeal is dismissed.

All concur.

---

1. On this court's own motion, we previously struck Unganisha's first brief for failure to comply with Rule 30.06 and Rule 84.04.