In the Matter of K.S. and L.S. Plaintiffs/Appellants,

v.

J.D., Minor Child, D.D. and M.C. Defendants/Respondents.

No. ED 99115.

Missouri Court of Appeals, Eastern District, Division Two.

April 16, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 2013.

Application for Transfer Denied Aug. 13, 2013.

Kyle Short, Licking, MO, Pro Se.

Rick Massey, St. Charles, MO, (Attorney for D.D.).

LISA S. VAN AMBURG, Judge.

K.S. ("Father") appeals *pro se* from the trial court's judgment ordering him, as the biological father, to pay his portion of the birthing, medical expenses, care, and maintenance for the minor child J.D. ("Child") to D.D. ("Mother") pursuant to Section 452.340.1 RSMo 2000. Father contends the trial court erred in awarding Mother $36,450 because the evidence was insufficient to support an award for costs incurred and expended in caring for the child and the court abused its discretion in awarding this amount to Mother. We dismiss the appeal for lack of an adequate record.

Pursuant to Rule 81.12, the appellant has the duty to order the transcript and compile the record on appeal for the reviewing court to determine the questions presented; without the required documents, this Court has nothing to review.

State v. Unganisha, 253 S.W.3d 108, 109 (Mo.App. W.D.2008); *D.B. v. D.H.*, 348 S.W.3d 179, 180 (Mo.App. E.D.2011) (citing *Davis v. Davis*, 222 S.W.3d 335, 336 (Mo. App. W.D.2007)); Rule 81.12(a), (c) 20.[1] *Pro se* litigants must meet the same standards as attorneys, including compliance with the rules of procedure. *State v. Logan*, 46 S.W.3d 590, 591 (Mo.App. E.D. 2001). Failure to comply with the rules of procedure is grounds for dismissal. *Id.*

Here Father has failed to provide this Court with a transcript of the hearing, leaving the record on appeal incomplete. Nor does he claim the trial court failed to make a record of the hearing. *Cf. Vogel v. Dir. of Revenue*, 804 S.W.2d 432 (Mo.App. S.D.1991) (circuit court's failure to make a record required remand for hearing).

To review Father's claims of error we must review the record to determine whether evidence exists to support the judgment or whether the court abused its discretion. Although the court's Judgment notes that Mother testified at the hearing, without a transcript we are unable to determine what evidence was adduced, whether evidence adduced would support the judgment or whether the trial court erred in issuing a judgment that was contrary to the weight of the evidence. A transcript is necessary to adjudicate the merits of Father's points on appeal. In the absence of the required transcript, there is nothing for us to review because we are unable to determine whether the trial court erred.

The appeal is dismissed.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., concur.

1. All references are to Missouri Supreme Court Rules 2012.