

# In the
# Missouri Court of Appeals
## Western District

BRYAN KRANTZ,

                Appellant,

v.

JACKSON COUNTY, MISSOURI,

                Respondent.

WD78307

OPINION FILED:

May 17, 2016

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable James P. Williams, Judge**

**Before Division Three:
Gary D. Witt, P.J., James Edward Welsh, and Anthony Rex Gabbert, JJ.**

When Bryan Krantz was fired by the Jackson County Prosecuting Attorney after about 24 years of service as an assistant prosecutor, Krantz filed a petition for damages with the circuit court alleging that Jackson County intentionally engaged in unlawful retaliation against him in violation of the Missouri Human Rights Act.[1] The circuit court held a jury trial, and the jury returned a verdict in favor of Jackson County. Thereafter, Krantz filed a motion for new trial, which the circuit court denied. Krantz now appeals the circuit court's denial of his motion for new trial. He contends that the circuit court abused its discretion in denying his motion for new

---

[1]Krantz also asserted a claim for age discrimination but dismissed that claim before trial.

trial when (1) "it excluded all evidence from independent witnesses, including from Judge [Jack] Grate, that showed Plaintiff was truthful to Judge Grate during the hearing that Defendant claimed was the basis for Plaintiff's termination, but allowed Defendant and its management employees to offer opinions that Plaintiff had lied to Judge Grate;" (2) "it excluded evidence of other prosecutors' misconduct for which the other prosecutors received no discipline;" and (3) "it excluded evidence of [his immediate supervisor's] personal animus toward Plaintiff." Krantz contends that all of this excluded evidence is "circumstantial evidence of retaliation."

"Initially, we note that the denial of a motion for new trial is not an appealable order." *Basta v. Kansas City Power & Light Co.*, 456 S.W.3d 447, 451 (Mo. App. 2014). "No appeal lies from an order overruling a motion for a new trial, but the aggrieved party may appeal from a final judgment entered against him." *Walker v. Thompson*, 338 S.W.2d 114, 116 (Mo. 1960). In his notice of appeal, Krantz specifically states: "Notice is given that Bryan Krantz appeals from the Order entered in this action on December 1, 2014." The Order entered by the circuit court on December 1, 2014, is its order denying the motion for new trial. Moreover, Krantz attached to his notice of appeal the circuit court's "Judgement/Order," dated December 1, 2014, which is the circuit court's order denying the motion for new trial. Krantz did not attach a copy of the circuit court's judgment on the jury verdict. Thus, clearly Krantz is appealing from the denial of his motion for new trial.

When an appellant appeals from the denial of a motion for new trial, we typically will consider the issues raised by an appellant as an appeal from the final judgment. *Basta*, 456 S.W.3d at 451; *Nickerson v. Moberly Foods, Inc.*, 781 S.W.2d 87, 91 (Mo. App. 1989). The problem in this case, however, is that this is not the only issue with Krantz's appeal.

2

In addition to appealing from a non-appealable order, Krantz's appellate brief suffers multiple deficiencies. First, in his statement of facts, Krantz does not provide specific page references to the relevant portions of the record where the circuit court's alleged erroneous evidentiary rulings occurred. In his statement of facts, Krantz merely asserts:

The trial court excluded all evidence of whether Judge Grate believed that Krantz had lied to him. The trial court also excluded all evidence of whether the Defendant had completely investigated if Krantz had lied to Judge Grate. The trial court excluded all evidence of . . . misconduct [by Krantz's direct supervisor], for which she received no discipline, when she was untruthful in excluding African-American witnesses in a criminal case, resulting in the reversal of the case. The trial court excluded all evidence of the lack of discipline of prosecutors who failed to provide discovery in a murder case, *State ex rel. Jackson Co. v. Prokes*, 363 S.W.3d 71 (Mo. Ct. App. 2011), which was called the Buchli case, that resulted in the accused murderer being set free.

We have no idea where in the 1,204 page transcript that Krantz first attempted to introduce this evidence and where the circuit court sustained any objections to the evidence. Krantz does state, "Most of Defendant's evidentiary objections were sustained" and cites 49 separate pages in the transcript, which we assume are the page references to where those objections were sustained, but we have no indication where the specific rulings about which Krantz complains occurred.

Krantz also notes in his statement of facts that he made six separate offers of proof in the trial and further notes the page numbers of the transcript where those offers occurred. Most of those citations to the transcript of the offers of proof, however, do not reference any rulings by the circuit court but merely establish that offer of proofs were made. Krantz then essentially recounts in his brief the evidence given in the offers of proof concerning: (1) the Buchli case; (2) a case in which another prosecutor received no disciplinary action for allegedly stating false reasons for racially motivated jury strikes; (3) a conversation between Tammy Dickinson and Sydney Sanders, an assistant prosecuting attorney, in which Dickinson told Sanders that she

3

should distance herself from Krantz; (4) testimony of Judge Grate in which Judge Grate stated that he did not think that Krantz had lied; and (5) testimony from assistant prosecuting attorney Devon Ledom in which Ledom did not think Krantz had lied.  But, again, Krantz, does not identify where in the record the circuit court made the rulings about which he complains.  Rule 84.04(c) requires that the statement of facts shall be "a fair and concise statement of the facts relevant to the questions presented for determination without argument."  Moreover, the rule states that all statements of fact "shall have specific page references to the relevant portion of the record on appeal."

Further, in his first point relied on, Krantz contends that the circuit court abused its discretion in denying his motion for new trial when "*it excluded all evidence from independent witnesses*, including from Judge Grate, that showed Plaintiff was truthful to Judge Grate during the hearing that Defendant claimed was the basis for Plaintiff's termination, but allowed Defendant and its management employees to offer opinion that Plaintiff had lied to Judge Grate." In addition, in his second point relied on, he contends that the circuit court abused its discretion in denying his motion for new trial "when it excluded evidence of other prosecutors' misconduct for which the other prosecutors received no discipline."  Complaining about the exclusion of *all evidence* from independent witnesses and the exclusion of evidence involving prosecutorial misconduct from different prosecutors most certainly suggests multifarious points relied on. Multifarious points on appeal preserve nothing for appellate review.  *Host v. BNSF Ry. Co.*, 460 S.W.3d 87, 96 n. 4 (Mo. App. 2015).

In addition, in the argument section of point one, Krantz asserts that the circuit court "excluded all evidence from Judge Grate about whether or not Krantz had actually lied," excluded Krantz's co-counsel's, Devon Ledom's, testimony that he also did not believe Krantz

4

had lied, and excluded evidence that Jackson County failed to conduct a complete investigation to confirm the conclusion that Krantz had lied to Judge Grate was accurate. Krantz again provides no citation to the record where these alleged erroneous rulings occurred. The same is true of Krantz's second and third point relied on. Rule 84.04(e) specifically requires that all factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal. "Where Appellant's argument lacks references to the transcript pages containing the [circuit] court's ruling, the point is not preserved for appellate review." *Henderson v. Fields*, 68 S.W.3d 455, 479-80 (Mo. App. 2001). A bare allegation that the circuit court erred in excluding certain evidence, without identifying the particular part of the record where the offending ruling occurred, is inadequate. *See Andersen v. Boggs*, 219 S.W.3d 818, 820 (Mo. App. 2007). Krantz is obligated to provide citations to the record where the circuit court made its ruling. *Collins v. Hertenstein*, 90 S.W.3d 87, 98 (Mo. App. 2002).

Moreover, in his second point relied on, Krantz does not even attempt to identify the pertinent facts or apply the law to the facts. The second point merely recites law from cases talking about circumstantial evidence, intent or mental culpability, and the admissibility of evidence of other acts by a defendant to show motive or intent. The argument section of an appellate brief "should demonstrate how principles of law and the facts of the case interact." *Kim v. Kim*, 443 S.W.3d 29, 31 (Mo. App. 2014) (citations and internal quotation marks omitted). "'A contention that is not supported with argument beyond conclusions is considered abandoned." *Id*. (citations and internal quotation marks omitted).

Finally, the decision to exclude evidence is within the sound discretion of the circuit court, and we will not disturb that decision absent an abuse of discretion. *Howard v. City of Kansas City*, 332 S.W.3d 772, 785-86 (Mo. banc 2011). An abuse of discretion occurs when the

5

ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. *Id*. Further, "[t]he appellant bears the burden of demonstrating error[,]" *Taylor v. Taylor*, 25 S.W.3d 634, 638 (Mo. App. 2000)), and an appellant "cannot demonstrate error in the exclusion of evidence unless [he] also shows prejudice." *Byers v. Cheng*, 238 S.W.3d 717, 726 (Mo. App. 2007). We, therefore, will not reverse the circuit court's judgment unless Krantz establishes that the excluded evidence would have materially affected the merits of the action. *Id*.

Nowhere in his brief does Krantz explain how the circuit court's rulings excluding the evidence materially affected the outcome of the trial. Krantz just seemingly presumes that, if the proffered evidence was not excluded, the outcome of trial would have been materially different. Krantz makes no argument explaining how the exclusion of the evidence made a difference in the outcome of this case. "Because reversible error cannot be demonstrated without a showing of prejudice," a party abandons an issue "where the party fails to address the issue of prejudice in his or her brief." *In the Matter of Hasty*, 446 S.W.3d 336, 339 (Mo. App. 2014).

"'It is not the function of the appellate court to serve as advocate for any party to an appeal.'" *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. 1999) (citation omitted); *Collins*, 90 S.W.3d at 98. "[W]e have no duty to search the transcript or record to discover the facts which substantiate a point on appeal." *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo. App. 2000); *Collins*, 90 S.W.3d at 98. "'That is the duty of the parties, not the function of an appellate court.'" *Wilson*, 25 S.W.3d at 667 (citations omitted); *Collins*, 90 S.W.3d at 98. As the Missouri Supreme Court aptly explained in *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978):

> [A]n appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of

such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise. That is the reason for the sometimes expressed unwillingness of an appellate court to assume the role of counsel and advocate for a party on appeal. When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

Because of the numerous deficiencies with Krantz's appeal, we dismiss Krantz's appeal.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.