

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| E.Y., | ) | No. ED109961 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-PN01890 |
| | ) | |
| C.T., | ) | Honorable Julia P. Lasater |
| | ) | |
| Respondent. | ) | Filed: May 3, 2022 |

### OPINION

### Introduction

Appellant E.Y., acting *pro se*, appeals the circuit court's judgment denying E.Y. an order of protection against Respondent C.T.[1] C.T. filed a motion to dismiss E.Y.'s appeal for failure to fully compile the record on appeal, and we took the motion with the case. In the motion, C.T. contends that E.Y. violated Rule 81.12 by failing to order and submit the transcript of the order of protection hearing.[2] We dismiss the appeal for lack of an adequate record on appeal.

### Discussion

---

[1] In separate case number ED110042, E.Y. also appeals the circuit court's judgment granting C.T. an order of protection against E.Y. The cases were consolidated for oral argument only, and we decide case number ED110042 in a separate opinion.
[2] All Rule references are to the Missouri Supreme Court Rules (2021).

Rule 81.12 specifies the contents of, and the parties' responsibilities in preparing, the record on appeal. Rule 81.12(a) provides that the record on appeal, consisting of the legal file and the transcript, "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Further, Rule 81.12(c)(1), titled "*Duty of Appellant to Order Transcript*," states, "Within ten days after the notice of appeal is filed, appellant shall order the transcript, in writing, from the reporter or from the clerk of the trial court if the proceedings were recorded by means of an electronic sound recording." Finally, Rule 81.12(c)(5) requires that the transcript be certified by the court reporter or the transcriber as a true and accurate reproduction of the proceedings transcribed or of the sound recording.

As C.T. notes in his motion to dismiss, E.Y. filed a request for a transcript before cancelling the request days later and filing the legal file without a transcript. E.Y. later filed a motion to supplement the record on appeal with an uncertified transcript seemingly transcribed by E.Y. herself. In response, C.T. filed a motion to strike E.Y.'s submission of the self-transcribed transcript. We took both motions with the case. Because E.Y.'s transcript fails to comply with Rule 81.12, we deny E.Y.'s motion to supplement the record. We therefore deny as moot C.T.'s motion to strike E.Y.'s submission of the self-transcribed transcript.[3]

As a court of review, we may affirm, reverse, or modify the judgment entered by the circuit court only after reviewing the record submitted on appeal. *See D.B. v. D.H.*, 348 S.W.3d 179, 180 (Mo. App. E.D. 2011). "Pursuant to Rule 81.12, the appellant has the duty to order the transcript and compile the record on appeal for the reviewing court to determine the questions presented;

---

[3] C.T. also filed a motion to strike portions of the legal file submitted by E.Y. that allegedly were outside the scope of the issues before the circuit court at the order of protection hearing. We took the motion with the case. In light of our dismissal of this appeal, we deny the motion as moot. We note further that, without a proper transcript, we could not know whether the portions of the legal file were outside the scope of the issues at the order of protection hearing.

without the required documents, this Court has nothing to review." *In re K.S.*, 404 S.W.3d 900-01 (Mo. App. E.D. 2013) (citing *State v. Unganisha*, 253 S.W.3d 108, 109 (Mo. App. W.D. 2008)). "Although we are mindful of the difficulties that a party appearing pro se encounters in complying with the rules of procedure, we must require pro se appellants to comply with these rules. We must not grant a pro se appellant preferential treatment." *Unganisha*, 253 S.W.3d at 109 (quoting *Selberg v. Selberg*, 201 S.W.3d 513, 514 (Mo. App. W.D. 2006)). Failure to comply with Rule 81.12 is grounds for dismissal of the appeal. *See K.S.*, 404 S.W.3d at 901.

In violation of Rule 81.12, E.Y. has not provided us with a certified transcript of the order of protection hearing. Without the transcript, we cannot determine the accuracy of E.Y.'s allegations concerning the testimony and other evidence adduced at the hearing. *See K.S.*, 404 S.W.3d at 901; *Unganisha*, 253 S.W.3d at 109. We must dismiss an appeal when the appellant fails to provide a record containing everything necessary to determine the questions presented, including the transcript required under Rule 81.12. *See Unganisha*, 253 S.W.3d at 109. We grant C.T.'s motion to dismiss the appeal.

## Conclusion

The appeal is dismissed.

_____
Cristian M. Stevens, J.

Sherri B. Sullivan, C.J., and
James M. Dowd, J. concur.

3