

# In the Missouri Court of Appeals
## Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| AARON ROESCH, | ) | No. ED111018 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 18SL-AC04217 |
| | ) | |
| AARON BIRCH-EDMUNDSON, | ) | Honorable John F. Newsham |
| | ) | |
| Respondent. | ) | Filed:  May 16, 2023 |

Aaron Roesch (Roesch) appeals *pro se* from the trial court's denial of his motion for a new trial following judgment entered after a jury's verdict in favor of defendant Aaron Birch-Edmundson (Edmundson).  We dismiss the appeal.

## Background

On February 20, 2018, Roesch filed a petition in the circuit court alleging Edmundson repeatedly struck his classic car, a 1980 Chevrolet El Camino, and slashed his tires with a tire tool, causing more than $8,500 in damage.  Roesch amended his petition and ultimately claimed approximately $44,000 in damages to include depreciation, ride expenses, and double damages pursuant to Section 537.330, RSMo (2016).  The parties litigated numerous motions to compel discovery.  Relevant to this appeal are a motion to compel execution of an authorization allowing Roesch access to Edmundson's cellular phone records and related information, a motion to compel Edmundson to produce phone bills, and motions for sanctions.  Roesch also argued that

the spoliation doctrine should apply because he was unable to obtain GPS records from the phone company, which he alleged would prove his case. After a hearing on August 27, 2021, the trial court issued an order denying Roesch's March 22, 2021 motion for sanctions, finding it was "a continuation of a long saga of discovery in the instant case." The court concluded that Roesch's inability to access the location data was "unfortunate and undoubtedly frustrating," but did not entitle him to the relief he sought "absent some showing that Defendant [Edmundson] has engaged in fraud, deceit or bad faith."

In April 2022, the trial court entered judgment following a jury verdict in favor of Edmundson. Roesch filed a motion for a new trial, arguing the discovery violations in this case entitled him to sanctions, to include striking pleadings and an adverse inference. He also alleged errors committed by Edmundson during trial resulted in a manifest injustice or miscarriage of justice, and that the cumulative impact of the errors required a new trial. The trial court denied Roesch's motion. Roesch appealed but has failed to file a transcript of any proceedings in the trial court, as required by our rules of appellate procedure.

## Discussion

Roesch raises two points on appeal, both alleging the trial court erred in denying his motion for a new trial. His first point seems to claim the trial court erred because of Edmundson's conduct in abusing discovery by failing to timely and accurately respond to Roesch's discovery requests. His second point alleges the trial court plainly erred because he was prejudiced by cumulative errors.

As an initial matter, we note each point asserts the trial court erred in denying Roesch's motion for new trial. However, the denial of a motion for new trial is not an appealable order. *Krantz v. Jackson County*, 498 S.W.3d 1, 3 (Mo. App. W.D. 2016). Although no appeal lies

from the denial of a motion for new trial because it is not a final judgment entered against the appellant, we typically will consider the issues raised as an appeal from the final judgment. *Id.* at 3-4. However, both of Roesch's points suffer from much more substantial deficiencies.

<u>Point I</u>

Roesch's first point alleges multiple errors by the trial court in denying his motion for a new trial because Edmundson abused the discovery process by failing to timely and accurately respond to Roesch's discovery requests, per Rules 56.01(b), 57.01, and 58.01[1], which denied him the right to a fair trial. Roesch argues Edmundson's conduct, which caused him to lose the opportunity to examine GPS location data, constituted spoliation of evidence and he was entitled to sanctions, including an adverse inference under Missouri law.

Edmundson argues this point should be dismissed as multifarious because it contains more than one distinct claim of error and because Roesch failed to file the required transcript for appellate review. Rule 84.04 sets forth the requirements for briefs filed with all appellate courts, and these requirements are mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Librach v. Librach*, 575 S.W.3d 300, 307 (Mo. App. E.D. 2019) (quoting *Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 n.6 (Mo. banc 2018)); *see also Lexow*, 643 S.W.3d at 507. While we prefer to reach the merits of a case, sometimes excusing technical deficiencies in a brief, we will not do so if the brief is so deficient it requires this court to serve as an advocate for any party to an appeal. *Librach*, 575 S.W.3d at 306.

As a court of review, we may affirm, reverse, or modify the circuit court's judgment only after reviewing the record submitted on appeal. *E.Y. v. C.T.*, 644 S.W.3d 325, 327 (Mo. App.

---

[1] All Rule references are to Missouri Supreme Court Rules (2018).

E.D. 2022). "Pursuant to Rule 81.12, the appellant has the duty to order the transcript and compile the record on appeal for the reviewing court to determine the questions presented; without the required documents, this Court has nothing to review." *In re K.S.*, 404 S.W.3d 900, 901 (Mo. App. E.D. 2013) (internal citations omitted). The transcript is of particular import when an appellant challenges pretrial rulings – as Roesch seems to assert here – which must be properly raised at trial to be preserved for appellate review. *See Petersen v. State*, 658 S.W.3d 512, 515 (Mo. banc 2022). Thus, failure to comply with Rule 81.12 alone is sufficient grounds for dismissal of the appeal. *See K.S.*, 404 S.W.3d at 901.

"Although we are mindful of the difficulties that a party appearing pro se encounters in complying with the rules of procedure, we must require pro se appellants to comply with these rules. We must not grant a pro se appellant preferential treatment." *State v. Unganisha*, 253 S.W.3d 108, 109 (Mo. App. W.D. 2008) (quoting *Selberg v. Selberg*, 201 S.W.3d 513, 514 (Mo. App. W.D. 2006)). Therefore, Roesch "is subject to the same procedural rules as parties represented by counsel, including rules specifying the required contents of appellate briefs" in his self-representation. *Guglielmino v. Jackson County*, 609 S.W.3d 852, 855 (Mo. App. W.D. 2020) (internal citation omitted). Moreover, appellate courts have equally admonished attorneys and declined to review similarly situated multifarious points on appeal. *See Lexow*, 643 S.W.3d at 508.

Roesch's first point is so blatantly multifarious that it preserves nothing on appeal. He initially asserts trial court error in denying his motion for new trial, but then claims Edmundson acted inappropriately in discovery. Roesch goes on to argue the trial court erred in refusing to grant relief on several of his motions to compel discovery and sanctions and in denying an adverse inference under the spoliation doctrine. None of these issues can be reviewed on appeal

without a trial transcript.  In particular, any potential error in the pretrial discovery orders must be properly raised and preserved at trial in order for Roesch to show how those alleged errors might have resulted in prejudice to him.

Attempting an *ex gratia* review of this point on appeal would indeed require this court to act as an advocate for Roesch, which we will not do, especially in the absence of a transcript of the rulings with which he takes issue.  Roesch asserts the error of these pretrial and/or trial rulings is self-evident and somehow defies credulity.  However, there is simply no record on appeal to reach these arguments, even if they are as meritorious as he claims and we could properly discern them in his multifarious point.  Point one is dismissed.

### Point II

Roesch's second point alleges plain error because he was prejudiced by Edmundson's improper conduct by injecting character evidence, presentation of evidence regarding cell phone use, reference to insurance, settlement negotiations, and cell phone location without foundation or expert witness testimony.  Roesch contends that under the cumulative error doctrine, he is entitled to a new trial due to a manifest injustice.

However, as previously discussed, we cannot reach the merits of this point on appeal because Roesch has not provided us with a certified transcript of the jury trial, in violation of Rule 81.12.  Even absent the multifarious nature of the claims alleged as "cumulative error," Roesch's second point alleging trial court error cannot be reviewed without a transcript because this court cannot determine the accuracy of Roesch's claims without "knowing what testimony or evidence was presented to the trial court."  *Bishop v. Heartland Chevrolet, Inc.*, 152 S.W.3d 893, 897 (Mo. App. W.D. 2005).

We must dismiss an appeal when the appellant fails to provide a sufficient record necessary to decide the questions presented, especially the transcript required by Rule 81.12. *See Unganisha*, 253 S.W.3d at 109. Point two is dismissed.

**Conclusion**

The appeal is dismissed.[2]

_____
Lisa P. Page, Presiding Judge

Kurt S. Odenwald, J. and
Thomas C. Clark, II, J. concur.

---

[2] Edmundson filed a motion for damages for a frivolous appeal pursuant to Rule 84.19. However, "[t]he remedy of damages for filing a frivolous appeal is drastic and should be assessed only when issues and questions are presented in bad faith or are not fairly debatable." *Snelling v. Chrysler Motor Corp.*, 859 S.W.2d 755, 757 (Mo. App. E.D. 1993). We find the holding in Snelling inapplicable to the instant appeal; therefore, Edmundson's motion is denied.