

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DONALD PLACKE JR., | ) | No. ED110799 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 21SL-CC02852 |
| | ) | |
| THE CITY OF SUNSET HILLS | ) | Honorable William M. Corrigan, Jr. |
| MISSOURI, CITY OF SUNSET HILLS | ) | |
| BOARD OF ADJUSTMENT, PATRICIA | ) | |
| FRIBIS, RYAN PATTON and WILLIAM | ) | |
| WEBER, | ) | |
| | ) | |
| Respondents. | ) | Filed: June 13, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

This municipal ordinance matter arises from one family's effort to expand their home and their next-door neighbor's determination to stop them. Appellant Donald Placke Jr., appeals the decision of the City of Sunset Hills Board of Adjustment ("Board") granting Respondent Ryan Patton, Placke's next-door neighbor, a variance from the Sunset Hills ordinance that requires a thirty-foot setback between the house and its rear property line. Patton sought to build an addition to his ranch-style home to accommodate his elderly parents' needs and his growing family. However, because the planned addition left only thirteen feet between the home and the

rear property line, Patton applied to the Board for a variance. Following a hearing, the Board granted the variance. Placke, who opposed the variance, now appeals *pro se*.

Placke brings five points on appeal but because his brief fails to substantially comply with Rule 84.04,[1] we dismiss his appeal.

### Background

Donald Placke and Ryan Patton are neighbors on South Geyer Road in the R-2 zoning district of the City of Sunset Hills, Missouri. On May 3, 2021, Patton applied to the City's Board of Adjustment for a variance from the Sunset Hills' ordinance that requires homes in the R-2 zoning district to be set back from the rear property line by at least thirty feet.[2] In his application, Patton related that he needed the variance so that he could expand his home to accommodate his growing family and to care for his aging parents. The planned addition reduced his home's rear setback from thirty feet to thirteen feet thus requiring a variance.

Patton's matter was scheduled for consideration at the Board's May 27, 2021, meeting. The Board issued a notice of the meeting to Patton's neighbors, including Placke, indicating the date and time of the meeting and that it would be conducted via Zoom, a videoconferencing application, inasmuch as this occurred during the Covid-19 emergency. The notice further stated that additional information about the meeting could be acquired by visiting City Hall or by calling City Hall. Approximately a week prior to the meeting, an agenda was uploaded to the City's website which included a computer link to join the video and audio content of the Zoom meeting and also a phone number that could be used to join the audio content of the meeting.

---

[1] All rule references are to the Missouri Supreme Court Rules (2023) unless otherwise indicated.
[2] Sunset Hills R-2 zoning district requires a thirty-foot rear setback. Sunset Hills' five other residential zoning districts' rear setbacks vary in length.

2

In the days leading up to the meeting, Placke expressed his opposition to the variance in multiple e-mails to Sunset Hills officials, including city aldermen, the director of public works, and to the mayor. Placke's main concern was that the proposed addition would divert rainwater to his property, which he characterized as a "swamp." Placke submitted twenty-two pages of documentation, including the e-mails, to the Board for their consideration, but he did not appear at the meeting to speak on his own behalf.

On May 27, 2021, the Board heard testimony from Patton regarding his requested variance. Patton indicated that in addition to the construction on his home, he was eager to coordinate with Placke to mitigate Placke's concerns about the water on his property. The Board unanimously approved Patton's application. Placke brings this appeal.

**Discussion**

Rule 84.04 sets forth the requirements for briefs filed with appellate courts, and compliance with these requirements is mandatory. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). All appellants, including those acting *pro se*, must adhere to the rules of appellate briefing for this Court to review the appeal. *Mecey v. Harps Food Stores, Inc.*, 661 S.W.3d 14, 16 (Mo. App. E.D. 2023). "This is not done for hyper-technical reasons or to arbitrarily burden the parties." *Id.* Rather, this is done "in the interest of judicial impartiality, judicial economy, and fairness to all parties." *Murphy v. Steiner*, 658 S.W.3d 588, 592 (Mo. App. W.D. 2022). Therefore, "although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure . . . [w]e must not grant a *pro se* appellant preferential treatment." *State v. Unganisha*, 253 S.W.3d 108, 109 (Mo. App. W.D. 2008). Furthermore, requiring all parties "to comply with procedural rules, such as Rule 84.04,

3

ensures that courts avoid acting as advocates for any party." *Bruce v. City of Farmington*, 551 S.W.3d 65, 66 (Mo. App. E.D. 2018).

Rule 84.04 requires that the statement of facts be "a fair and concise statement of the facts relevant to the questions presented for determination *without argument*." Rule 84.04(c) (emphasis added). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Murphy*, 658 S.W.3d at 593 (internal quotes and citations omitted). Thus, "[i]nterspersing argument throughout the statement of facts violates Rule 84.04(c)." *Id.* And "[a] violation of Rule 84.04(c), standing alone, constitutes grounds for dismissal of an appeal." *Gan v. Schrock*, 652 S.W.3d 703, 708 (Mo. App. W.D. 2022).

Moreover, Rule 84.04(d) "requires each distinct claim of error to be raised in a separate point." *Walker v. A1 Solar Source Inc.*, 658 S.W.3d 529, 540 (Mo. App. W.D. 2022). Points relied on are necessary "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Progressive Casualty Insurance Company v. Moore*, 662 S.W.3d 168, 172 (Mo. App. E.D. 2023). Thus, multifarious points—those that contain multiple, independent claims—are noncompliant with Rule 84.04. *Surgery Center Partners, LLC v. Mondelez International, Inc.*, 647 S.W.3d 38, 43 (Mo. App. E.D. 2022) (quoting *Lexow*, 643 S.W.3d at 505–06). "A point on appeal that fails to substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal." *Lewis v. State*, 661 S.W.3d 9, 13 (Mo. App. E.D. 2023).

In light of the foregoing principles, we are unable to reach the merits of Placke's claims because his brief fails to comply with Rule 84.04 in two respects: (1) his statement of facts is

4

argumentative in violation of Rule 84.04(c), and (2) three of his five points relied on are multifarious in violation of Rule 84.04(d).

Placke's statement of facts is "replete with argument," boldly making assertions and calling for conclusions that are only appropriate in the *argument* section of a brief. *Murphy*, 658 S.W.3d at 594. For example, Placke states that "it was an abuse of discretion and illegal for the Board to approve the variance." He further accuses the City's general counsel, without foundation, of forgery and "fraudulently mislead[ing] the Board," resulting in a violation of his "due process of right to be heard." Placke alleges that the Board's variance decision is "void" as a result of statutory violations committed at the meeting. He argues that the trial court "errored" in denying his application for a writ of certiorari. These statements, all contained in Placke's statement of facts, are "argumentative, similar to what one would find in a pleading to a trial court," and constitute a violation of Rule 84.04(c). *Rademan v. Al Scheppers Motor Co.*, 423 S.W.3d 834, 837 (Mo. App. W.D. 2014).

Three of Placke's five points relied on are multifarious in that they each challenge two distinct allegations of error. *Lexow*, 643 S.W.3d at 507. Points I and II state that the "Board's decision lacked jurisdiction and lacked competent and substantial evidence upon the whole record," thus impermissibly grouping together multiple, independent claims of error in violation of Rule 84.04(d). Likewise, Point III states that "the Board's decision was contrary to law and the Board exceeded its authority." These multifarious points leave nothing for our review. *T.G. v. D.W.H.*, 648 S.W.3d 42, 49 (Mo. App. E.D. 2022).

**Conclusion**

Because Placke has failed to comply with Rule 84.04 "to the point where the deficiencies impede our review of the merits," we must dismiss his appeal. *Surgery Center Partners, LLC,* 647 S.W.3d at 45.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.