

# Missouri Court of Appeals
## Southern District

### In Division

CARMEN E. WOOD (f/k/a Carmen E. Ready), )
an individual and in her capacity as Trustee of the )
Donald J. Ready and Carmen E. Ready Revocable )
Living Trust dated November 19, 2009, )
  )
    Plaintiff-Appellant, )
  )
   v. )   No. SD37921
  )
MILLSAP & SINGER, P.C., et al., )   **Filed: September 7, 2023**
  )
    Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Mark A. Powell, Judge

### <u>AFFIRMED</u>

Carmen E. Wood appeals the entry of summary judgment in favor of Millsap & Singer, P.C. ("Millsap") and against her claims for breach of fiduciary duty and exemplary or punitive damages. Ms. Wood raises four points on appeal, effectively asking us to reevaluate our prior appellate decision affirming the trial court's entry of summary judgment in favor of Bank of America, N.A. ("BANA"), a prior co-defendant in this same litigation. We affirm.

1

## Factual and Procedural History

We recounted the underlying facts of this case in ***Wood v. Bank of Am., N.A.***:

> In 2001, Wood, and her then-husband, Donald Ready ("Ready"), purchased real property located at 2533 North Fort Avenue, Springfield, Missouri (the "Property"). They took out two loans from BANA secured by the Property. Thereafter, they transferred their individual interests in the Property to the Donald J. Ready and Carmen E. Ready Revocable Living Trust.
>
> Wood and Ready divorced in 2014. A "Judgment and Decree of Dissolution of Marriage" provided that the Property was to be "placed on the market and must be sold at fair market value or an amount agreeable by the parties." If the Property was not sold within twelve months from the judgment, then it was to be auctioned. Ready was allowed to occupy the home until it was sold, and was to be responsible for payment of all bills associated with the home, including maintaining insurance on the home. The Property was neither sold nor auctioned, and the joint revocable trust continued to hold title.
>
> In July 2015, Ready obtained a $50,000 line of credit from BANA to refinance the existing residential loan, thus eliminating Wood's personal liability for the 2001 loans ("2015 Loan"). While Wood did not sign a promissory note securing the loan, she and Ready did sign a Deed of Trust encumbering the Property as security for repayment of the 2015 Loan.
>
> Ready later defaulted on the 2015 Loan. On October 3, 2018, BANA appointed [Millsap] as Successor Trustee under the Deed of Trust. On May 15, 2019, [Millsap] served Wood and Ready with a Notice of Trustee's Sale scheduling a foreclosure sale on the Property for June 11, 2019.
>
> On June 5, 2019, Wood filed a two-count petition against BANA and [Millsap] to prevent the foreclosure sale. Wood amended the petition on June 19, 2019, asserting in Count I a breach of fiduciary duties, and in Count II a claim for recovery of exemplary or punitive damages. Ready was not a party to Wood's lawsuit. The foreclosure sale was cancelled after Wood filed suit. Ready remains in default, but the sale has not gone forward.

648 S.W.3d 867, 868-69 (Mo. App. S.D. 2022). The trial court granted BANA's motion for summary judgment against Ms. Wood on July 22, 2021, and an Amended Judgment was entered September 2, 2021. We affirmed this decision because, where Ms. Wood's claims were premised on an attorney-client relationship with Millsap, Ms. Wood "[could not] show that [Millsap] breached a fiduciary duty to her or that its independent duty to [Ms. Wood] as the Deed of Trust trustee can somehow be imputed to its sometime client,

[BANA]." **Id.** at 870-71 (quoting BANA's brief). The Supreme Court of Missouri later

denied Ms. Wood's application for transfer on August 30, 2022. Based in part on **Wood**,

the trial court granted Millsap's motion for summary judgment in its favor via docket

entry on July 28, 2022, and entered judgment on October 31, 2022. Ms. Wood now

appeals the trial court's judgment granting summary judgment in Millsap's favor.

### Standard of Review

An appellate court "reviews the grant of summary judgment *de novo* and will

affirm if summary judgment was appropriate on any basis supported by the record."

**Wilson v. City of St. Louis**, 662 S.W.3d 749, 754 (Mo. banc 2023). Our review is

relegated to the Rule 74.04(c) record of the non-moving party's admissions and denials of

material facts in response to the movant's motion for summary judgment.[1] **Green v.**

**Fotoohighiam**, 606 S.W.3d 113, 117-18 (Mo. banc 2020); **Hartwell v. Am. Fid.**

**Assurance Co.**, 607 S.W.3d 807, 813 (Mo. App. S.D. 2020). Accordingly:

> [1] Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework. [2] Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record. [3] Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.* [4] [S]ummary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone.*
>
> *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016) (emphasis in original) (internal footnotes and quotation marks omitted). Taken together, these summary judgment principles require a court to "determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment

---

[1] All rule citations are to Missouri Court Rules (2023), unless otherwise indicated.

*regardless of other facts or factual disputes.*" *Pemiscot County Port Authority* [*v. Rail Switching Servs., Inc.*], 523 S.W.3d [530,] 534 [Mo. App. S.D. 2017] (emphasis in original).

*Green*, 606 S.W.3d at 117-18. We review the record in the light most favorable to the non-moving party. *Newton v. Mercy Clinic E. Cmtys.*, 596 S.W.3d 625, 628 (Mo. banc 2020).

## Analysis

Point I:  Trial Courts May Grant Summary Judgment on a Breach of Fiduciary Duty Claim.

In her first point, Ms. Wood argues the trial court erred in granting Millsap's motion for summary judgment because its decision was "premised upon an erroneous fact determination that [Millsap] did not breach a fiduciary duty which [Millsap] had admitted it owed to [Ms. Wood]" and "[a]n alleged breach of an admitted fiduciary duty is not a proper subject of a trial court determination in ruling on a summary judgment motion[.]" She asks us to make new law by holding a trial court cannot enter summary judgment on breach of fiduciary claims. We reject this invitation.

Summary judgment is appropriate when the moving party shows there is no genuine dispute of the material facts and, on that basis, the movant is entitled to judgment as a matter of law. *Green*, 606 S.W.3d at 115. A trial court may enter summary judgment on **any** "claim, counterclaim, or cross-claim[.]" Rule 74.04(a)-(b). When the moving party is a defendant, a successful motion for summary judgment demonstrates: 1) facts negating any one of the elements of a non-moving party's claim; 2) after an adequate period for discovery, the non-movant has not been able to produce, and will not be able to produce, evidence sufficient to establish any element of a claim; or 3) there is no genuine dispute as to the existence of facts necessary to support an affirmative

4

defense. ***Lisle v. Meyer Elec. Co.***, 667 S.W.3d 100, 103 (Mo. banc 2023). Once the moving party has met this burden, the non-movant can only avoid summary judgment if they show material facts remain in dispute by reference to discovery, exhibits, or affidavits. ***Green***, 606 S.W.3d at 117; ***Hartwell***, 607 S.W.3d at 813; Rule 74.04(c)(2).

Nothing in Rule 74.04 exempts a breach of fiduciary duty claim from summary judgment. Nothing in Ms. Wood's cited authority suggests summary judgment is impossible when there is no material dispute underlying an alleged breach of duty.[2] Ms. Wood believes, so long as Millsap has a fiduciary duty, the trial court "was . . . not entitled to determine whether the fiduciary duty had been breached." Examples to the contrary belie this belief. *See*, *e.g.*, ***Knockerball MidMo, LLC v. McGowan & Co., Inc.***, 667 S.W.3d 640, 648 (Mo. App. W.D. 2023) (affirming a grant of summary judgment on a breach of fiduciary duty claim where a duty existed but plaintiff could not establish damages); *see also* ***Yam Cap. III, LLC v. GS Hosp., LLC***, 648 S.W.3d 878, 889 (Mo. App. S.D. 2022) (affirming a grant of summary judgment on a breach of fiduciary duty claim where appellant did not challenge the trial court's finding that a foreclosure sale did not violate any fiduciary duty).

---

[2] Ms. Wood posits the Supreme Court of Missouri held "whether or not there has been a breach of the fiduciary duty is a question of fact, to be determined by a trier of fact" in ***Robinson v. Langenbach***, 599 S.W.3d 167 (Mo. banc 2020); ***Sun Aviation, Inc. v. L-3 Commc'ns Avionics Sys., Inc.***, 533 S.W.3d 720 (Mo. banc 2017); and ***Western Blue Print Co., LLC v. Roberts***, 367 S.W.3d 7 (Mo. banc 2012). Nothing in these cases forbids the entry of summary judgment against a breach of fiduciary duty claim. *See* ***Robinson***, 599 S.W.3d at 179 (affirming the denial of a motion for judgment notwithstanding the verdict for a breach of fiduciary duty claim); *see also* ***Sun Aviation***, 533 S.W.3d at 726-27 (finding an appellant had no duty to disclose its parent's consolidation plans); ***Roberts***, 367 S.W.3d at 18 (overruling a denial of a judgment notwithstanding the verdict where there was no fiduciary duty).

5

So long as a party establishes it is entitled to summary judgment as a matter of law, its fiduciary duty is no impediment. *See* ***Robinson v. Lagenbach***, 439 S.W.3d 853, 859 (Mo. App. E.D. 2014) ("Because [appellant] has alleged no action that breaches [respondent's] fiduciary duty as a trustee of the voting trust, we affirm the judgment[.]"). Point I is denied.

<u>Points II and III: The Trial Court did not Err in Sustaining Millsap's Motion for Summary Judgment Following Our Opinion in *Wood*.</u>

Ms. Wood claims in her second point that the trial court erred by relying on our ***Wood*** decision because it "did not constitute law of the case or a binding appellate court determination[.]" "The doctrine of the law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." ***Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n***, 660 S.W.3d 482, 488 (Mo. App. S.D. 2023) (quoting ***Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 632 (Mo. banc 2013)); ***Am. Eagle Waste Indus., LLC v. St. Louis Cnty.***, 379 S.W.3d 813, 825 (Mo. banc 2012). "This rule applies to matters decided by the appellate court's opinion, either directly or by implication." ***Soderholm v. Nauman***, 466 S.W.3d 610, 618 (Mo. App. W.D. 2015) (quoting ***Ironite Products Co., Inc. v. Samuels***, 17 S.W.3d 566, 570 (Mo. App. E.D. 2000)). Applied to Ms. Wood's litigation against BANA and Millsap, the issue of the Deed of Trust's validity and enforceability, Mr. Ready's default, consideration, and Millsap's appointment were uncontroverted, and the legal findings were in BANA's favor. *See* ***Wood***, 648 S.W.3d at 868-69 (detailing the uncontroverted material facts). We then reviewed the trial court's judgment in BANA's favor on Ms. Wood's claims for breach of fiduciary duty and exemplary or punitive damages. *Id.* at 870-71. Ms. Wood's petition asserted these

claims as Counts I and II, respectively, and joined BANA and Millsap as co-defendants under each count. The factual allegations in Millsap's summary judgment motion are nearly identical to those in BANA's motion, and Ms. Wood's responses to both are similarly near indistinguishable. Once we affirmed BANA's summary judgment award, and the Supreme Court of Missouri declined to take the case on transfer as Ms. Wood requested, our decision in *Wood* became final. *Wood* is therefore the binding law of the case.

The law of the case doctrine permits reconsideration of an issue when there is a mistake, manifest injustice, or an intervening change of law; but nothing compels us to do so here. *Am. Eagle Waste Indus.*, 379 S.W.3d at 825. Ms. Wood says the prior *Wood* opinion is "legally untenable" because it quoted BANA's brief to say, "[Ms. Wood] cannot show that [Millsap] breached a fiduciary duty[.]"[3] 648 S.W.3d at 870-71. This language merely reflected the uncontroverted facts from Ms. Wood's responses to BANA's summary judgment motion. Ms. Wood admitted there had been no foreclosure sale in response to BANA's and Millsap's summary judgment motions. As a trustee appointed by a mortgagee, Millsap could only breach its fiduciary duty by "proceed[ing] to advertise and call the sale in an unusual manner prejudicial to" Ms. Wood. *Yam Cap. III*, 648 S.W.3d at 889 (quoting *Sparks v. PNC Bank*, 400 S.W.3d 454, 458 (Mo. App. E.D. 2013)). Without a completed sale, Ms. Wood cannot show a breach of fiduciary

---

[3] Ms. Wood further accuses this Court of engaging in "misdirection" and producing an "ill-considered" opinion with a "lack of understanding[.]" She asks we take "the only logical and honorable course of action" by recalling our prior opinion. Understanding Ms. Wood must zealously advocate for her position, we remind her of the ongoing duty to maintain professionalism in pleadings and words. *See* Rules 4-3.1, 4-3.5, and 4-8.2.

duty.  ***Reese v. First Missouri Bank & Tr. Co. of Creve Coeur***, 736 S.W.2d 371, 373 (Mo. banc 1987) (holding "there is no cause of action for attempted wrongful foreclosure"); ***Killion v. Bank Midwest, N.A.***, 987 S.W.2d 801, 811 (Mo. App. W.D. 1998) ("In fact, the Missouri Supreme Court has determined that there is no tort cause of action in Missouri for attempted wrongful foreclosure.").  Ms. Wood has not otherwise shown a manifest injustice or a change in law since ***Wood***.  Point II is denied.

Similar to Point II, Ms. Wood's Point III reads that the trial court "improperly relied upon erroneous statements of fact set forth in the appellate court opinion[.]"  She urges, because no summary judgment motion specifically alleged she could not "show" Millsap breached a fiduciary duty, this Court could not make any decision regarding her ability to prove a breach.  *See **Wood***, 648 S.W.3d at 870-71.  The conclusion she "cannot show" a breach of fiduciary duty came from reviewing the Rule 74.04 record.  ***Id.***  Ms. Wood either admitted all of BANA's alleged material facts or failed to deny them with citations to discovery, exhibits, or affidavits demonstrating material facts remained in dispute.  *See **Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr., Inc.***, 430 S.W.3d 274, 283 (Mo. App. S.D. 2014) ("Factual allegations in a motion for summary judgment which are not properly denied in accordance with Rule 74.04(c)(2) are deemed admitted.").  Ms. Wood likewise conceded, or failed to adequately deny, the factual allegations in Millsap's motion for summary judgment, namely that the note was in default and secured by the Property through the Deed of Trust she signed.  She has also identified no remaining material facts in dispute on appeal.  Given this record, there was no genuine argument as to the legitimacy of the foreclosure.  *See **Holm v. Wells Fargo Home Mortg., Inc.***, 514 S.W.3d 590, 598 (Mo. banc 2017) ("'The commencement of a

foreclosure of a deed of trust cannot be wrongful when there is a clear right to foreclose.' ***Loeb v. Dowling***, [] 162 S.W.2d 875, 877 ([Mo.] 1942)").  BANA and Millsap were consequently entitled to summary judgment.  Point III is denied.

Point IV:  Ms. Wood's Multiple Briefing Deficiencies Preclude Meaningful Review.

The briefing for Ms. Wood's fourth point relied on is so deficient that substantive review is not possible.  Rule 84.04's requirements are mandatory and not just a "word game."  ***Kyle Est. v. 21st Mortg. Corp.***, 515 S.W.3d 248, 252-53 (Mo. App. S.D. 2017) (quoting ***In re Marriage of Weinshenker***, 177 S.W.3d 859, 863 (Mo. App. E.D. 2005)).  A multifarious point, joining multiple, independent claims into one, does not comply with Rule 84.04 and preserves nothing for review.  ***Spire Missouri, Inc. v. Pub. Serv. Comm'n***, 618 S.W.3d 225, 234 n.7 (Mo. banc 2021) ("[P]oint is multifarious in that it asserts the PSC's decision regarding relocation expenses was error for two separate and distinct reasons.").

Contrary to this directive, Ms. Wood claims in Point IV, "the trial court had **on two occasions quashed a notice to take a deposition** of the named defendants **and had sustained every objection** to [Ms. Wood's] document production requests[.]" (Emphasis added.)  Challenging multiple discovery rulings within one point is multifarious.  *See* ***Krantz v. Jackson Cnty.***, 498 S.W.3d 1, 5 (Mo. App. W.D. 2016) ("Complaining about the exclusion of *all evidence* from independent witnesses and the exclusion of evidence involving prosecutorial misconduct from different prosecutors most certainly suggests multifarious points relied on."); *see also* ***Reliable Roofing, LLC v. Jones***, 302 S.W.3d 232, 235 (Mo. App. S.D. 2009) (finding a point challenging the admission of 25 photographs and the striking of other evidence to be multifarious).

9

Ms. Wood compounds her error by not referencing the discovery rulings at issue, leaving this Court to speculatively survey the record. Rule 84.04(e) requires specific references to the record to accompany all factual assertions in a brief's argument. Though Ms. Wood directs us to her motion to amend or alter the trial court's order granting BANA's request for summary judgment, neither her motion nor brief identify the evidentiary rulings at issue.[4] It is not our duty to serve as any party's advocate, so we will not resuscitate Ms. Wood's point by combing the record for errors. *Krantz*, 498 S.W.3d at 6. Rule 84.04(e) also requires a recitation of the applicable standard of review for each point relied on, which Ms. Wood did not provide. Repeated noncompliance with Rule 84.04(e) alone impedes a court's ability to undertake a meaningful review. *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 61-62 (Mo. App. S.D. 2021).

Were we to look past these deficiencies and attempt to reach the merits, Ms. Wood focuses on her supposed inability to procure discovery establishing an attorney-client relationship between Millsap and BANA. This relationship, if proven, changes nothing from the Rule 74.04 summary judgment record. Beyond this attorney-client relationship, Ms. Wood "never persuasively explains what [she] expected to discover or how the allegedly denied discovery would have materially affected the merits of this action, rendering reversal of the trial court's judgment inappropriate." *Hall v. Utley*, 443 S.W.3d 696, 709 (Mo. App. W.D. 2014). Point IV is denied.

---

[4] Ms. Wood additionally failed to include any contested discovery "judgment, order, or decision" in the appendix to her brief contrary to Rule 84.04(h)(1). The "failure to comply with Rule 84.04(h) is sufficient grounds for dismissal of [her] appeal." *Jefferson v. Mo. Dep't of Soc. Servs.*, 648 S.W.3d 50, 55 (Mo. App. E.D. 2022).

## **Conclusion**

Ms. Wood unsuccessfully opposed summary judgment in BANA's favor because she could not show material facts remained in dispute. We again find no error in the entry of summary judgment in favor of Millsap based on the same circumstances. The trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS